**Carl Hubert CALMAN,
Plaintiff–Appellant,**

v.

**Jean Wilma CALMAN,
Defendant–Respondent.**

No. 56324.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 11, 1990.

Lawrence O. Willbrand, St. Louis, for plaintiff-appellant.

Jean Wilma Calman, Byesville, Ohio, for defendant-respondent.

STEPHAN, Judge.

Carl Calman appeals from a judgment of the Circuit Court of St. Louis County sustaining respondent's motion to set aside a default judgment allegedly procured by fraud. We affirm.

Carl (appellant) and Jean (respondent) Calman married on August 14, 1982. Respondent left appellant on May 10, 1985, and later entered medical school in the Dominican Republic. She returned to the United States approximately every four months. Appellant communicated with respondent by mail and by phone through her parents' home in Byesville, Ohio, and her sister's home in Columbus, Ohio. Respondent, however, told appellant not to phone her anymore and to correspond only by

mail through her mother or sister if he wished to explore a divorce settlement. She testified that appellant never stopped contacting her and that, during the period of November 1986 to May 1987, she received numerous packages and letters from him. When corresponding with appellant, respondent used either her sister's or parents' residences in Ohio as her return address. Respondent's sister Federal Expressed anything of importance to her in the Dominican Republic. During their separation, respondent retained counsel to represent her in the dissolution.

Although the record indicates that the parties communicated by mail through the Ohio addresses, appellant claims respondent concealed her whereabouts. Appellant filed for divorce on March 3, 1987, and obtained service by order of publication. In his petition, appellant claimed he was unaware of respondent's address at that time. The trial court entered a default judgment in favor of appellant on July 24, 1987. On August 4, 1987, however, appellant mailed respondent a birthday card addressed to Mrs. Carl Calman in Byesville. Respondent first obtained notice of the default when she received a letter from appellant through her mother on September 26, 1988, informing her of the divorce. Appellant said he did not immediately tell respondent of the dissolution because he still had hope for their marriage. On October 24, 1988, respondent filed a motion to set aside the default judgment. The trial court sustained the motion and awarded her $2,394.00 in attorney's fees and costs on February 22, 1989.

Respondent claims that appellant has not presented evidence that he attempted to serve notice by mail or through the sheriff's office even though he knew her legal address and continued to write her throughout the period of 1985–89. She alleges fraud in appellant's default divorce through publication since he knew of her whereabouts and activities.

■ This court considers the motion to set aside a default judgment allegedly procured by fraud as if raised in an independent proceeding in equity. *See Koeller v.*

*Koeller,* 589 S.W.2d 620, 622 (Mo.App. 1979). We sustain the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ In his first point, appellant alleges the trial court erred in hearing the issues premised on the motion to set aside the default judgment after one year had elapsed since the date of the default. Appellant relies on Rule 74.05(c) which states, "[t]he motion [to set aside] shall be made within a reasonable time not to exceed one year after the entry of the default judgment." The statute of limitations for a cause of action for relief on the ground of fraud, however, is five years, and the cause of action is "deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud." Section 516.120(5) RSMo 1986. *See Anderson v. Dyer,* 456 S.W.2d 808 (Mo.App.1970) (where wife did not discover averred fraud of husband in obtaining default divorce until ten years and three months after its occurrence, her action to set aside divorce on ground of fraud after ten years and eight months was not barred by statute of limitations). Appellant erroneously relies on Rule 74.05(c). The point is denied.

■ Appellant's second point reads, "[t]he court's rule of February 22, 1989, that the default judgment of July 24, 1987, is set aside, is against the weight of the evidence." This abstract statement fails to state "wherein and why" the trial court erred as required by Rule 84.04(d). The point, therefore, preserves nothing for review. *See Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978); Rule 84.13(a). After reviewing appellant's argument for plain error as provided for by Rule 84.13(c), we find the judgment setting aside the default is not against the weight of evidence because there is substantial evidence of contact between the parties and that appellant knew of respondent's whereabouts and how she could have been ap-

prised of the dissolution action. Nevertheless, he made no effort to do so. Point II is denied.

 In his third point, appellant alleges the trial court erred because there was insufficient allegation or evidence that respondent had a meritorious defense. Appellant contends such is required in the instant proceeding. Again, appellant relies on Rule 74.05(c) which states, "[u]pon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside." Implicit in this rule, however, is that the provision for setting aside a default judgment applies when the *party in default* provides the occasion for the entry of such judgment by reason of "a mistake or conduct that is not intentionally or recklessly designed [by the party in default] to impede the judicial process." Rule 74.05(c). In such an event, the defaulting party is required to plead a meritorious defense. That rule is clearly not pertinent here because, as noted above, this is an action based on fraud by appellant. We find respondent has alleged sufficient facts to plead a cause of action for setting aside the default judgment. Point III is denied.

In his final point, appellant alleges the trial court erred in awarding attorney's fees to respondent without receiving evidence thereof or without allowing him an opportunity to respond to an affidavit relating to the fees. Trial courts, however, have considerable discretion and are experts on the question of attorney's fees in dissolution-related matters. *Wilk v. Wilk*, 781 S.W.2d 217, 224 (Mo.App.1989). Further, a judge who is acquainted with all the issues is in a position to fix the amount of attorney's fees without the aid of evidence. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 194 (Mo.App.1987). In light of the fact that respondent filed an affidavit as to her attorney's fees with the court and the fact that appellant's own actions resulted in the accumulation of those fees, we conclude that the trial court did not abuse its discretion in ordering appellant to pay them. Point IV is also denied.

The judgment is affirmed in all respects.

REINHARD P.J., and CRANDALL, C.J., concur.