**VOLK CONSTRUCTION COMPANY, A Corporation, Respondent,**

v.

**WILMESCHERR DRUSCH ROOFING COMPANY, A Corporation, Norman Halliday and Mary Halliday, Appellants.**

**No. ED 78798.**

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 23, 2001.

Patrick O. Boyle, Florissant, MO, for appellants.

Charles M. M. Shepherd, Shepherd, Lake & Taylor, L.L.P., St. Louis, MO, for respondent.

## *OPINION*

RICHARD B. TEITELMAN, Judge.

Wilmescherr Drusch Roofing Company, Inc. (the "Corporation"), Norman Halliday ("Mr.Halliday") and Mary Halliday ("Mrs.Halliday") appeal from a judgment of the Circuit Court of St. Charles County finding that the Appellants violated the Missouri Uniform Fraudulent Transfer Act (the "UFTA") by fraudulently creating security interests in the assets of the Corporation with the intent of defrauding creditors. We affirm.

### *Factual and Procedural Background*

In January, 1995, the Corporation entered into a contract with Respondent to provide labor and materials on a construction project. For reasons not clearly reflected in the record, the Corporation discontinued its work under the contract in August, 1995. The Corporation ceased doing business by the end of 1995 and was insolvent by late January, 1996.

On December 13, 1995, Respondent filed suit against the Corporation for breach of the January 1995 construction contract. On March 5, 1996, a default judgment in the amount of $11,771.17 plus court costs was entered in favor of the Respondent. However, when Respondent attempted to levy the property of the Corporation in order to satisfy the judgment, it was advised that Mr. Halliday possessed UCC filings showing an apparent superior security interest in the assets of the Corporation. In addition, the return of service on the attempted levy indicated that Mr. Halliday had also informed the Sheriff that the Corporation had no assets.

The record reflects that Mr. Halliday filed two UCC forms purporting to create a security interest in the assets of the Corporation in favor of himself. The first was filed on March 1, 1996, well after Respondent had filed suit against the Appellants and immediately prior to the default judgment. The second was filed on March 6, 1996, the day immediately following entry of the default judgment. Furthermore, immediately before and after March 1, 1996, the Hallidays received over $78,000.00 in accounts receivable that had been due the Corporation. None of these funds were applied to the outstanding judgment against the Corporation in favor of the Respondent and the judgment was left unsatisfied.

Based upon the foregoing sequence of events, Respondent filed suit against the Appellants under the Missouri Uniform Fraudulent Transfer Act (the "Act" or "UFTA"), Sections 428.005–428.059 RSMo (2000).[1] The suit alleged that the transactions described above were fraudulent as to Respondent, then a judgment creditor of the Corporation. After a bench trial, the trial court found that the creation of the security interests and receipt of the accounts receivable occurred after the Corporation had been sued by Respondent and after at least three other creditors had obtained judgments. The court further found that the challenged transactions were done with the actual intent to hinder, delay and defraud creditors of the Corporation in favor of the Hallidays. The trial court therefore concluded that these transfers constituted a fraudulent transfer as to present creditors, including the Respondent. Judgment was entered against the Appellants for $11,771.17 in compensatory damages; interests thereon; costs in the amount of $1,318.55; $5,000 in punitive damages; and attorney's fees in the sum of $7,190.16. This appeal followed.

## Discussion

The Appellants set forth two points on appeal. In their first point, Appellants argue that the trial court granted judgment under Section 428.029 of the UFTA and that Respondent's claims were thereby extinguished because they were not brought within one year of the allegedly fraudulent transactions. We have reviewed the briefs and record on appeal and find that Appellants' first point has no merit. No jurisprudential purpose would be served by an extended discussion of the arguments raised therein. We affirm the judgment as challenged by this point pursuant to Rule 84.16(b).

In their second point on appeal, Appellants argue that the trial court erred in awarding punitive damages and attorney's fees because such awards are not authorized under the UFTA. Alternatively, Appellants contend that even if punitive damages are available, the evidence in this case is insufficient to sustain such an award. We disagree.

1. All further statutory citations are to RSMo (2000) unless otherwise noted.

## I. *Punitive Damages*

■ Analysis of the remedial provisions of the UFTA reveals that the act does not prohibit punitive damage awards. Section 428.039 of the UFTA sets forth the following remedies in a creditor's action for relief against a fraudulent transfer:

(1) Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim;

(2) An attachment or other provisional remedy against the asset transferred or other property of the transferee ...;

(3) Subject to applicable principles of equity and in accordance with applicable rules of civil procedure, ...

(a) An injunction ...;

(b) Appointment of a receiver ...; or

(c) Any other relief the circumstances may require.

While Section 428.039 does not expressly provide for punitive damages, the statute by no means prohibits them. To the contrary, Section 428.039(3)(c) specifically provides that courts may resort to "[a]ny other relief the circumstances may require." This language does not evidence an intent to prohibit punitive damage awards. Instead, it expressly grants courts the authority to employ the full array of remedial measures insofar as they are warranted under the particular facts of the case.

■ Furthermore, Section 428.054 of the UFTA provides that:

"Unless displaced by the provisions of sections 428.005 to 428.059, the principles of law and equity, including the law merchant and the law relating to principal and agent, estoppel, laches, fraud, misrepresentation, duress, coercion, mistake, insolvency, or other validating or invalidating cause, supplement its provisions."

The UFTA therefore specifically incorporates pre-existing legal and equitable principles related to the law of fraudulent conveyances insofar as those principles do not conflict with the provisions of the UFTA.[2] The pre-existing principles of the Missouri law incorporated into the UFTA by Section 428.054 provide that punitive damages are available where a debtor intentionally effectuates fraudulent transfers designed to shield assets from creditors. *See Lewis v. Barnett*, 694 S.W.2d 743, 747 (Mo.App. E.D.1985). Accordingly, we hold that the UFTA does not prohibit the award of punitive damages.[3]

---

**2.** This conclusion finds further support under the principle that when construing a model or uniform act such as the UFTA, Missouri courts are to assume that statute was enacted "with the intention of adopting the accompanying interpretations placed thereon by the drafters of the model or uniform act." *In the Matter of Nocita*, 914 S.W.2d 358, 359 (Mo. 1996). Section 428.039 adopts verbatim the provisions of Section 7 of the model UFTA regarding the remedies for creditors. The commentary following Section 7 model act states that "[t]he remedies specified in this section are not exclusive." Unif. Fraudulent Transfer Act § 7.

**3.** Our holding is in accord with the reasoning employed by other states that have confronted this issue under their version of the UFTA.

Ohio courts have held that the Ohio UFTA permits an award of punitive damages in cases of actual fraud-in-fact. *Aristocrat Lakewood Nursing Home v. Mayne*, 133 Ohio App.3d 651, 729 N.E.2d 768, 783 (1999). Like Missouri, Ohio allowed awards of punitive damages in fraudulent transfer cases prior to enactment of the UFTA. Given that the UFTA expressly supplements its provisions with pre-existing legal and equitable principles, the Ohio courts determined that punitive damages are available under the Ohio UFTA. *Id*. Likewise, the Connecticut courts, while holding that punitive damages are not available under that state's UFTA, also relied upon pre-existing state law to inform their interpretation of the remedies available under the UFTA.

■ Having decided that punitive damages are available under the UFTA, we must now determine whether the award was appropriate in this case. We find that it was.

■ The trial court has broad discretion in awarding punitive damages and the appellate court will interfere only in extreme cases. *Fust v. Francois,* 913 S.W.2d 38, 50 (Mo.App. E.D.1995). An award amounts to an abuse of discretion when it is so out of proportion to the evidence as to reveal improper motives or a clear absence of the honest exercise of judgment. *Id.* Although there is no fixed relation between actual and punitive damages, nor a fixed standard for their measurement, punitive damages must in general bear some relation to the injuries and the manner of their infliction. *Id.*

The amount of punitive damages awarded in this case amounted to less than one-half of the compensatory damages and is not excessive. Furthermore, the record supports the trial court's finding that the Appellants effectuated the challenged transactions with actual intent to defraud the Respondent as a judgment creditor.

II. *Attorney's Fees*

■ Appellants also contend that attorney's fees are not an appropriate element of damages under the Act. We disagree.

■ Courts adhere to state common law rules when assessing the availability of attorney's fees under the UFTA. *See Morris v. Askeland Enterprises, Inc.,* 17 P.3d 830, 832 (Colo.App.2000). In Missouri, courts follow "American Rule" which provides, with few exceptions, that absent statutory authorization or contractual agreement each litigant must bear the costs of its own attorney's fees. Missouri appellate courts also recognize that trial courts are vested with broad discretion in awarding attorney's fees and will overturn such an award only upon an abuse of discretion by the trial court. *Consolidated Public Water Supply Dist. v. Kreuter,* 929 S.W.2d 314, 316 (Mo.App. E.D.1996).

In this case, there is no express statutory authorization or contractual provision for the award of attorney's fees. However, we find that the award of attorney's fees is justified under the "special circumstances" exception to the American Rule, which includes situations where a party is shown to have engaged in intentional misconduct. *Windsor Ins. Co. v. Lucas,* 24 S.W.3d 151, 156 (Mo.App. E.D.2000). The trial court specifically found that the Appellants completed the transfers with the actual intent to hinder, delay and defraud creditors of the Corporation. The record supports this finding. No abuse of discretion appears. We therefore affirm the award of attorney's fees to Respondent.

### *Conclusion*

Awards of punitive damages and attorney's fees are available under the Missouri UFTA. The trial court did not abuse its discretion in awarding punitive damages and attorney's fees to the Respondent herein. The judgment of the trial court is affirmed.

GARY M. GAERTNER, SR., J., and CLIFFORD H. AHRENS, J. concur.