**In the Interest of C.W.**

**No. ED 89665.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 17, 2008.

See also, 211 S.W.3d 93.

Geoffrey L. Pratte, Bonne Terre, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Jefferson City, MO, for respondent.

Claudine Chastain, Farmington, MO, for respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Geoffrey L. Pratte (Appellant) appeals the Juvenile Court's award of attorney's fees for Appellant's work as appointed counsel concerning an appeal of a termination of parental rights. We reverse the Juvenile Court's award and remand with directions to enter an amended order consistent with this opinion.

*Factual and Procedural Background*

Appellant was appointed to represent a child's natural mother in a termination of parental rights proceeding. The Juvenile Court terminated the mother's parental rights and the mother appealed to this Court. Appellant raised four points on appeal, one procedural issue and three points addressing the three bases for the Juvenile Court's termination of parental rights. In its opinion, this Court indicated it would reverse on the procedural issue but because of the general interest and importance of the issues involved, transferred the case to the Missouri Supreme Court. The Supreme Court held the procedural error constituted reversible error and that the evidence was insufficient to support the grounds for termination or a finding that termination was in the best interest of the child. *In the Interest of*

*C.W.*, 211 S.W.3d 93, 98, 102 (Mo. banc 2007).

On January 22, 2007, the Juvenile Court granted Appellant's Motion to Withdraw as the mother's counsel in anticipation of Appellant's pending retirement from the practice of law. On that date, Appellant also filed a Motion for Attorney Fees. Appellant requested $11,500.00 in attorney's fees and $597.24 in expenses for the appeal to the Missouri Court of Appeals (Eastern District) and to the Supreme Court.

On February 20, 2007, the Juvenile Court held a hearing on Appellant's motion. Appellant, the only witness, testified he expended approximately 70 hours and $300 in expenses in the proceedings before the Eastern District and approximately 45 hours and $300 in expenses in the proceedings before the Supreme Court. Appellant requested payment for 115 hours at the rate of $100 per hour and $597.24 in expenses for both appellate proceedings.

Appellant testified he submitted 54 pages of briefing to the Eastern District and the Department of Social Services, Children's Division (DSS) submitted 48 pages. Appellant testified that after the Eastern District transferred the cause to the Supreme Court at the end of September 2006, he advised DSS that he did not intend on filing a new Appellant's brief. DSS advised Appellant that it was going to file a supplemental brief. At that time, Appellant sent a letter to DSS pursuant to 13 CSR 40–30.020(2)(D) advising DSS that, due to the extended and complex representation involved in the appeal, the cost of representation was going to exceed the maximum fee set forth in 13 CSR 40–30.202(2)(B). After DSS filed a 65–page supplemental brief in the Supreme Court, Appellant filed a 22–page answer.

Appellant argued that 13 CSR 40–30.020(2)(B) provides for payment of $3,500 for an attorney's appearance before

"an appellate court" and that he appeared before two appellate courts, the Eastern District and the Supreme Court. DSS argued the regulation states that $3,500 is the reasonable fee for an appeal and that this was only one appeal that went through two different courts. DSS agreed to the $100 hourly rate and indicated that it was not arguing the appeal was uncomplicated but that the hours billed were simply not reasonable. Upon the Juvenile Court's request, DSS declined to propose an amount they considered reasonable. DSS also challenged Appellant's mileage rate as being in excess of the rate used by the State of Missouri.

On March 29, 2007, the Juvenile Court entered an order certifying that $5,097.24 was "necessary to provide fair compensation to [Appellant] for representation of mother on appeal" and ordered the amount to be paid by DSS. On August 15, 2007, the Juvenile Court entered a final judgment in accordance with its March 2007 order. This appeal follows.

### Point on Appeal

Appellant argues the Juvenile Court abused its discretion in awarding him only $5,097.24 in fees and costs for his appearances on appeal both to the Eastern District and to the Missouri Supreme Court in that Appellant documented $597.24 in costs and expenses and 115 hours of work, and there was no evidence that this work was excessive or unnecessary.

### Standard of Review

The trial court is considered to be an expert on the question of attorney's fees, even when the award is for services on appeal. *In re A.D.G.*, 23 S.W.3d 717, 720–21 (Mo.App. W.D.2000). The court has discretion as to the amount that it awards. *In Interest of Y.M.H.*, 817

S.W.2d 279, 286–87 (Mo.App. W.D.1991). We will not reverse the trial court's award absent an abuse of discretion. *Brady v. Brady,* 39 S.W.3d 557, 564 (Mo.App. E.D. 2001). The court abuses its discretion when "the amount awarded is arbitrarily arrived at or is so unreasonable as to indicate indifference and a lack of proper judicial consideration." *Nelson v. Hotchkiss,* 601 S.W.2d 14, 21 (Mo. banc 1980). The complaining party has the burden of establishing that the court abused its discretion in making the award. *Id.*

### Discussion

■ Court-appointed counsel in a parental rights termination action should be awarded attorney's fees for services rendered on appeal. *In Interest of Y.M.H.,* 817 S.W.2d at 287. Section 211.462.4[1] allows the trial court to tax those fees as "court costs" against DSS. *In re A.D.G.,* 23 S.W.3d at 720–21.

DSS promulgated a regulation implementing Section 211.462.4. The regulation provides the attorney shall receive compensation at a rate not to exceed $100 per hour and may be reimbursed for his reasonable expenses. 13 CSR 40–30.020(2)(A). The regulation provides the amount of compensation "[f]or representation in an appellate court" shall not exceed $3,500. 13 CSR 40–30.020(2)(B). However, payment may exceed this amount for "extended or complex representation whenever the court ... certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the court." 13 CSR 40–30.020(2)(D). An attorney must notify DSS when they believe the cost of representation may exceed the maximum fee under subsection (2)(B). 13 CSR 40–30.020(2)(D).

In his Motion for Attorney Fees on appeal, Appellant requested $597.24 in expenses and $11,500 in attorney's fees for 115 hours of work at the rate of $100 per hour. Appellant contends the Juvenile Court abused its discretion in awarding him only $5,097.24 in fees and costs. Appellant argues the $3,500 maximum amount of compensation set forth in 13 CSR 40–30.020(2)(B) "[f]or representation in an appellate court" sets the maximum for representation in a single appellate court. Appellant contends this allows for a threshold maximum of $7,000 in the present appeal before two appellate courts, the Eastern District and the Supreme Court. DSS argues the regulation anticipates two stages, trial and appeal, and that the $3,500 maximum is intended to apply to the entire appellate stage regardless of the number of appellate courts counsel appears before. We agree with Appellant.

■ Regulations are interpreted by the same rules as statutes. *Dept. of Soc. Serv., Div. of Med. Serv. v. Senior Citizens Nursing Home Dist. of Ray County,* 224 S.W.3d 1, 9 (Mo.App. W.D.2007). "In interpreting regulations, the words must be 'given their plain and ordinary meaning.'" *Id.,* quoting *Teague v. Mo. Gaming Comm'n,* 127 S.W.3d 679, 686 (Mo.App. W.D.2003).

■ The regulation sets a $3,500 maximum "[f]or representation in *an* appellate court." 13 CSR 40–30.020(2)(B). Under a plain reading of the clause, "*an* appellate court" indicates a single appellate court. Here, Appellant argued his client's case before two appellate courts. Appellant was required to brief and argue before each court, each necessitating additional time and resources.

The Juvenile Court certified that $5,097.24 was "necessary to provide fair

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

compensation to" Appellant for his representation on appeal. Although the court did not designate how much of this amount was for expenses or for attorney's fees, the parties agree that the court most likely awarded Appellant all of his claimed $597.24 expenses, while the remaining $4,500 represents the award for attorney's fees. The Court's certification that this award was "necessary to provide fair compensation" is consistent with the mandate in 13 CSR 40–30.020(2)(D) that a court must certify an amount in excess of the maximum payment in subsection (2)(B) is "necessary to provide fair compensation." 13 CSR 40–30.020(2)(D). This indicates the Court erroneously believed the maximum allowed under subsection (2)(B) was a total of $3,500, and not $3,500 for each appellate court. In addition, the Court's failure to indicate why the award was so drastically below the amount requested lends itself to a finding the award was arrived at arbitrarily.

■ We could remand the case to the Juvenile Court for reconsideration of attorney's fees, but we find it is in the interest of judicial economy to finally dispose of the case. See Rule 84.14. The appellate court is also an expert on the subject of attorney's fees. *Dominion Home Owners Ass'n, Inc. v. Martin*, 953 S.W.2d 178, 183 (Mo.App. W.D.1997). This court has the authority to set the amount of attorney's fees when the record is sufficiently developed. *P.L.K. v. D.R.K.*, 852 S.W.2d 366, 369 (Mo.App. E.D.1993), *superseded by statute on other grounds as stated in State ex rel. State of Ill. v. Schaumann*, 918 S.W.2d 393, 395–96 (Mo. App. E.D.1996); See also *Knopke v. Knopke*, 837 S.W.2d 907, 924 (Mo.App. W.D. 1992). We exercise this power with caution, as the trial court is often better equipped to hear evidence and argument. *Knopke*, 837 S.W.2d at 924. However, we are in the position to evaluate the value of Appellant's appellate work. See *Id.*

Appellant can be awarded up to $7,000 under 13 CSR 40–30.020(2)(B) for his representation at the appellate level before two appellate courts. In addition, because Appellant notified DSS that the cost of his representation may exceed the maximum fee under 13 CSR 40–30.020(2)(B), Appellant may receive additional compensation beyond the $7,000 maximum, if such additional amounts are necessary to provide Appellant with fair compensation.

In this case, there are no factual disputes to be resolved on the issue of attorney's fees and instead the question is what is a reasonable award of attorney's fee. This was a complicated case, a point conceded by DSS. It required Appellant to brief and argue multiple points before two appellate courts. Appellant documented spending 115 hours to perfect the appeal, an appeal that was successful in both courts. Although DSS contested the number of hours as unreasonable, its decision to file a supplemental brief contributed to Appellant's workload and it provided no indication of what it believed would be reasonable number of hours. Based on the extensive work necessary to the appeal, we find Appellant's billed hours to be reasonable and that an award of $12,097.24 in attorney's fees and costs is necessary to provide fair compensation to Appellant for his representation on appeal.

### Conclusion

The judgment of the Juvenile Court is reversed and the case remanded with directions that the Juvenile Court enter an amended judgment ordering that $12,097.24 in attorney's fees and costs be paid to Appellant by DSS.

MARY K. HOFF, P.J., and GEORGE W. DRAPER III, J. concur.