Elaine **KLINKERFUSS,** Appellant,

v.

William L. **CRONIN,** Respondent.

No. ED 91063.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 7, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 2, 2009.

Application for Transfer Denied
Sept. 1, 2009.

---

608

Irl B. Baris, St. Louis, MO, for Appellant.

Kevin F. Hormuth, St. Louis, MO, for Respondent.

LAWRENCE E. MOONEY, Judge.

In *Bleak House,* Charles Dickens mocked the farcical case of Jarndyce and Jarndyce, a dispute over an inheritance that persisted so long that the costs of contention consumed the entire estate. Today, we confront the no less ludicrous litigation of *Klinkerfuss v. Cronin,* which has twice before darkened our dockets. The plaintiff beneficiary, Elaine Klinkerfuss, appeals a judgment, entered pursuant to our prior remand, for attorneys' fees against her share of a trust due to her vexatious litigation against the defendant trustee, William Cronin. Because we find no error, we affirm the trial court's award of attorneys' fees and expenses in the amount of $161,728.95, which entirely exhausts the beneficiary's share of the trust. Because we conclude that this appeal rep-

resents a continuation of the beneficiary's groundless litigation against the trustee, we award the trust its attorneys' fees and expenses on appeal in the amount of $57,762.11. We remand the cause with directions that the trial court enter judgment in favor of the trust and against the plaintiff beneficiary for $57,762.11. We do so in order to place the trust's innocent beneficiary more nearly in the position that she would have enjoyed but for this vexatious appeal.

*Factual and Procedural Background*

We have previously decided *Klinkerfuss v. Cronin,* 120 S.W.3d 758 (Mo.App. E.D. 2003)(per curiam) (*"Klinkerfuss I"*) and *Klinkerfuss v. Cronin,* 199 S.W.3d 831 (Mo.App. E.D.2006) (*"Klinkerfuss II"*). We liberally borrow the factual and procedural background from *Klinkerfuss II* without further citation.

In 1995, Erna Strawn executed a revocable living trust naming her adult daughters, Delores Cronin ("the innocent beneficiary") and Elaine Klinkerfuss, as the primary beneficiaries. Ms. Strawn named herself and her grandson, the defendant William Cronin, as co-trustees. The trust provided that Mr. Cronin would continue as the sole trustee upon Ms. Strawn's death, disability, or incapacity. The trust also provided that, assuming the primary beneficiaries were living, the trust assets would be divided into two equal shares. Each beneficiary would then receive three distributions, the first upon Ms. Strawn's death, the second on the fifth anniversary of her death, and the third distribution on the tenth anniversary of her death.

After Ms. Strawn's death in July 1999, the beneficiary informed the trustee that she questioned whether the trust should continue to exist and that she intended to "break" the trust, have the trustee removed, and take her share of the trust property outright. The trustee retained the law firm of Greensfelder, Hemker & Gale, P.C. ("Greensfelder") to administer the trust and to defend against the beneficiary's attacks. The beneficiary filed suit in 2000 for removal of the trustee, an accounting, and actual and punitive damages. The beneficiary made numerous allegations, including that the trustee had breached his fiduciary duty and committed waste. The trustee feared that a conflict of interest existed between the trust's administration and the beneficiary's personal attacks on him, so he retained attorney Jan Adams, who was not associated with Greensfelder.

The beneficiary's suit to remove the trustee went to trial in 2002, and Adams represented the trustee. Upon granting judgment at the close of the beneficiary's case, the trial court concluded, *inter alia,* that from the date of her mother's death, the beneficiary had attempted to have her interest in the trust settled upon her immediately, despite the trust's explicit provisions to the contrary; that the beneficiary's actions had caused the trustee to engage legal counsel; that the beneficiary had shown animosity toward the trustee in her efforts to have the trust terminated; that the trustee had performed his duties, had prudently maintained the trust corpus, and had not committed waste; that the attorneys' fees in the case were reasonable and necessary; that the bulk of the attorneys' fees involved were occasioned by the beneficiary's actions in filing suit; and that the beneficiary had sued for selfish reasons and not to protect the trust. We affirmed the trial court's judgment in *Klinkerfuss I,* 120 S.W.3d 758.

The trustee then filed a motion for trustee's fees and a motion for attorneys' fees, requesting that the attorneys' fees be allocated exclusively against the beneficiary's

share of the trust. After a hearing, the trial court granted the request for trustee's fees in full. The trial court also allocated half of the requested Greensfelder fees against the beneficiary's share of the trust, but none of the Adams fees. Both parties appealed. Attorneys Michael Gross and Joseph Yeckel (collectively "the Gross law office") represented the trustee on appeal.

In *Klinkerfuss II*, we noted that the trial court found none of the beneficiary's claims against the trustee had any merit and that the beneficiary filed suit for selfish reasons rather than to protect the trust. Therefore, we found that the second appeal represented a continuation of the beneficiary's groundless and unsuccessful litigation against the trustee with the sole purpose of benefiting the beneficiary. We reversed in part and remanded the case so that the trial court could determine the reasonable amount of all attorneys' fees caused by the beneficiary's vexatious litigation, including the second appeal, and allocate those amounts against the beneficiary's share of the trust. Our mandate directed the trial court to:

> [D]etermine the reasonable amount of Greensfelder's and Ms. Adam[s]'s total attorney's fees caused by beneficiary's vexatious litigation and to allocate those amounts against beneficiary's share of the trust estate and to conduct a hearing to determine the reasonable amount of attorney's fees on appeal and allocate that amount against beneficiary's share of the trust estate[.]

The trial court conducted a hearing in July 2007. The judge who presided at trial had been appointed to this Court, so a different judge conducted the hearing on remand. The judge took judicial notice of the "entire record of this case, including the prior findings of the trial court and the Court of Appeals' decisions," including the record of the first hearing on attorneys' fees, which included testimony on the Greensfelder and Adams fees. The judge also heard additional testimony from Adams, Gross, and Yeckel. Further, he received nineteen exhibits including evidence of attorney billing rates in the St. Louis area. Finally, he received affidavits from the billing attorneys along with detailed records of the work performed, hours billed, billing rates, amounts billed, and expenses.

The trial court issued its judgment allocating a total of $161,728.95 in attorneys' fees and expenses against the beneficiary's share of the trust as follows: $42,104.31 for Greensfelder's services from 1999 to 2004; $27,088 for Greensfelder's work following the remand in *Klinkerfuss II* and up to, but not including, the hearing on remand (i.e., from October 25, 2006 to July 20, 2007); $48,902.50 for Adams's services; and $43,634.14 for the Gross law office's appellate work on *Klinkerfuss II*. This award exceeds the beneficiary's share of the trust and thus exhausts it. The beneficiary appeals.

### Discussion

In five points on appeal, the beneficiary claims the trial court erred in using a "verbatim copy" of the trustee's proposed judgment to prepare the court's judgment; in concluding that the court was an expert and could determine the fee award when it did not hear the original case; in denying the beneficiary's request for a jury trial; in considering affidavits filed by the trustee and denying the beneficiary the right to cross-examine witnesses; and in entering a judgment that was flawed on nine other bases.

### Point I

In her first point, the beneficiary claims the trial court erred in using a

"verbatim copy" of the trustee's proposed judgment to prepare the court's judgment. The beneficiary claims the judgment contained inconsistent findings of fact and conclusions of law that were not sufficiently specific to permit meaningful review. She also argues that the court ignored or disregarded certain issues.

The beneficiary's first point violates Rule 84.04(d) because it joins multiple, unrelated contentions. *Mello v. Williams*, 73 S.W.3d 681, 685 (Mo.App. E.D.2002). Thus, the point contains multiple legal issues, which should be stated in separate points. *Id.* Nonetheless, we review the beneficiary's claim *ex gratia.*

■ In reviewing a court-tried case, we shall affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "The trial court's adoption of a party's proposed findings of fact and conclusions of law is not *per se* error." *Grease Monkey Int'l, Inc. v. Godat*, 916 S.W.2d 257, 260 (Mo.App. E.D.1995). Where there are no inconsistencies between the factual findings and the actual facts and where the legal conclusions are sufficiently specific to permit meaningful review, there is no error. *Id.*

Here, the beneficiary lists numerous factual findings and legal conclusions, which she contends the court should have included in its judgment. But the beneficiary cites no inconsistencies between the factual findings and the actual facts and she identifies no legal conclusions that are not sufficiently specific. The court merely re-

jected the proposed irrelevant findings and findings on issues already adjudicated, which are the law of the case.[1] Likewise, the court refused similarly flawed proposed conclusions of law. But the trial court's legal conclusions do not lack specificity nor impede meaningful review. We deny point one.

### Point II

■ In point two, the beneficiary claims the trial court erred in determining that it was an expert and could determine the amount of attorneys' fees because the judge did not hear the underlying case. She argues that the judge "was not in position to make a determination of any award of fees without further evidence. There is absolutely no basis in the record of the hearing before Judge Jamison to make any award for attorney's fees."

■ The trial court is considered an expert on attorney's fees, including fees for services on appeal, and the court has discretion in determining the fee award. *In re C.W.*, 257 S.W.3d 155, 157 (Mo.App. E.D.2008). We shall reverse the trial court's award only where we find an abuse of discretion. *Id.* at 158. A court abuses its discretion when it awards an amount so arbitrarily arrived at, or so unreasonable, as to indicate indifference and a lack of proper consideration. *Id.* The complaining party carries the burden of establishing an abuse of discretion. *Id.*

The beneficiary cites several cases for the proposition that a judge who does not preside over the trial is not an expert on attorneys' fees, including *Sebree v. Rosen*, 393 S.W.2d 590 (Mo.1965), *Agnew v. John-*

---

1. The determinations as to the merits of the beneficiary's original claims and the vexatious nature of the litigation in the trial court and on prior appeal are subject to the doctrine of law of the case. The doctrine provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and later appeal. *Walton v. City of Berkeley*, 265 S.W.3d 287, 290 (Mo. App. E.D.2008)(citing *Walton v. City of Berkeley*, 223 S.W.3d 126, 128–29 (Mo. banc 2007)).

*son,* 352 Mo. 222, 176 S.W.2d 489 (1943); and *Home of Hope, Inc. v. McDonald (In re Carl McDonald Revocable Trust Dated October 1, 1979* ), 942 S.W.2d 926 (Mo.App. S.D.1997).

But these cases provide no support. Rather, they recognize that judges are considered experts on attorney's fees *and* that when the judge determining attorney's fees presided at trial, he or she can determine reasonable fees without the aid of evidence because he or she is already familiar with the matters tried and the work performed. *See, e.g., Sebree,* 393 S.W.2d at 599 ("We have considered judges to be experts on the question of attorney fees and that a judge who tries a case and is acquainted with all the issues involved may 'fix the amount of attorneys' fees without the aid of evidence.' ") (quoting *Agnew,* 176 S.W.2d at 494); *Home of Hope,* 942 S.W.2d at 933–34 (commenting that appellant's claim for attorney fees needed evidentiary support because the judge presiding at the hearing on attorney's fees did not preside over the declaratory judgment action, which generated the fees). Nowhere do any of the beneficiary's cited cases state that a judge cannot be considered an expert on attorney's fees simply because he or she did not preside at trial.

Here, the judge who determined and awarded the attorneys' fees had the aid of significant evidence. The judge took judicial notice of the "entire record of this case, including the prior findings of the trial court and the Court of Appeals' decisions" and including the record of the earlier hearing, which included testimony on the Greensfelder and Adams fees. The judge also heard live testimony from trial attorney Adams and appellate attorneys with the Gross law office. Further, he received nineteen exhibits including evidence of attorney billing rates in the St.

Louis area. Finally, he received affidavits from the billing attorneys along with detailed records of the work performed, hours billed, billing rates, amounts billed, and expenses. From this evidence the judge was well-equipped to make his determination even though he had not presided at the trial. The beneficiary's assertion that no basis exists in the record to support an award for attorneys' fees lacks any merit. We deny point two.

*Point III*

██ In her third point, the beneficiary contends that the trial court erred in denying her request for a jury trial to determine the reasonable amount of attorneys' fees. The beneficiary devotes the first half of her argument to rehashing her second point and the remainder to arguing that the court erred in not giving her the opportunity to call an expert witness.

We shall reverse the trial court's award only where we find an abuse of discretion. *C.W.,* 257 S.W.3d at 158. Given our determination of the beneficiary's second point, we need not reconsider the same arguments presented in point three. The beneficiary's third point relied on does not include her claim that she was entitled to call an expert witness and denied the opportunity to do so. We shall not consider arguments not encompassed by the point relied on. *State v. Irby,* 254 S.W.3d 181, 195 (Mo.App. E.D.2008).

██ We previously held that the attorneys' fees incurred in defending the trust against the beneficiary's vexatious litigation should be allocated against the beneficiary's share of the trust. *Klinkerfuss II,* 199 S.W.3d at 846. Once liability for attorney's fees is established, the reasonableness of the fees should be determined by a judge, not a jury. *State ex rel. Chase Resorts, Inc. v. Campbell,* 913 S.W.2d 832, 836 (Mo.App. E.D.1995). A jury trial is

neither required nor appropriate under these circumstances. *Id.* at 835. We deny this point.

## Point IV

■ For her fourth point, the beneficiary argues that the trial court erred in considering affidavits regarding attorneys' fees filed by the trustee and in denying the beneficiary the right to cross-examine witnesses. The record clarifies the beneficiary's challenges in point four; the gravamen of her complaint appears to be that the trial court did not conduct a hearing on remand as to the reasonableness of the Greensfelder fees so that the beneficiary could cross-examine numerous Greensfelder attorneys and the trustee. We reject this argument.

■ A trial court may base an award of attorneys' fees on evidence submitted by affidavit. *See Travis v. Travis,* 174 S.W.3d 67, 70–72 (Mo.App. W.D.2005) (finding no abuse of discretion in award of attorney's fees on appeal based on wife's motion and supporting affidavit); *Washington v. Jones,* 154 S.W.3d 346, 349–52 (Mo.App. E.D.2004) (holding award of attorney's fees, based on motion supported by affidavit from father's attorney, was not contrary to law where father prevailed in Family Support Division proceeding, but where documentation did not allege special factor warranting fee beyond statutory maximum, remand for such determination was required); *Ashland Oil, Inc. v. Warmann,* 869 S.W.2d 910, 913 (Mo.App. E.D. 1994) (awarding additional attorney's fees and costs on appeal where fees authorized by guaranty agreement and supported by affidavit); *Calman v. Calman,* 796 S.W.2d 65, 68 (Mo.App. E.D.1990) (upholding award of attorney's fees to wife based on her affidavit); *Trapani v. Trapani,* 686 S.W.2d 877, 879 (Mo.App. E.D.1985) (finding no abuse of discretion in award of attorney's fees and costs on appeal based on wife's motion supported by counsel's affidavit).

Our mandate in *Klinkerfuss II* directed the trial court to do two things: 1) to determine the reasonable attorneys' fees for Greensfelder and Adams caused by the beneficiary's vexatious litigation and to allocate those amounts against the beneficiary's share of the trust; and 2) to conduct a hearing to determine the reasonable attorneys' fees on appeal to be allocated against the beneficiary's share of the trust estate.

The trial court adhered to this Court's mandate. The trial court heard at least one hour of testimony each from Adams, Gross, and Yeckel as to their respective fees. It was not error for the court to determine the reasonable amount of the Greensfelder fees to be allocated against the beneficiary's share of the trust via affidavit and documentary evidence rather than oral testimony at a hearing. We deny point four.

## Point V

■ In her fifth point, the beneficiary claims the trial court erred in entering a judgment that she asserts was flawed in nine ways. We reiterate that a point relied on violates Rule 84.04(d) when it joins multiple, unrelated contentions. *Mello,* 73 S.W.3d at 685. Nonetheless, we shall review the beneficiary's claims *ex gratia.* We shall reverse the trial court's award only where we find an abuse of discretion. *C.W.,* 257 S.W.3d at 158.

■■ The beneficiary complains that the trial court failed to address the factors enumerated in Supreme Court Rule 4–1.5 concerning the reasonableness of attorneys' fees, and she intimates that application of the Rule 4–1.5 factors is essential. "[T]he courts can look to the [disciplinary] rules for guidance," *McRentals, Inc. v.*

*Barber,* 62 S.W.3d 684, 705 (Mo.App. W.D. 2001), but the beneficiary cites no Missouri authority holding that a court must consider each of the factors enumerated in Rule 4–1.5. Furthermore, the trial court's failure to make findings of fact, even those the beneficiary requested, does not necessarily require reversal. *Ratteree v. Will,* 258 S.W.3d 864, 872 (Mo.App. E.D.2008). We shall reverse only where such failure materially interferes with our ability to review the judgment, and otherwise, we shall affirm where the record is sufficient to support the judgment. *Id.* The record sufficiently supports the trial court's finding, and our review has not been impaired because the trial court did not specifically address the factors enumerated in Rule 4–1.5.

■ The beneficiary complains that the trial court's determination allows "fee padding" and duplicate fees. Her chief complaint is about conferences in which more than one attorney participated. First, we note that the Greensfelder fees prior to remand were already found to be reasonable. Second, the trial court stated at the hearing that it would consider the reasonableness of fees charged by multiple attorneys for meetings, thus indicating that the court was aware of the issue. Simply because the beneficiary disagrees with the trial court's determination does not mean that the court failed to consider the matter.

The beneficiary claims that the Greensfelder fees include unauthorized increases in the billing attorneys' hourly rates. The beneficiary's assertion is without merit because the evidence established that the trustee believed the fees to be reasonable and necessary. We can infer that any rate increases were authorized by the client, acting through the trustee in his official capacity.

The beneficiary contends that the trial court awarded excessive fees for two attorneys, Kenneth Buren and Joseph Yeckel, who the beneficiary characterizes as "inexperienced." The reasonableness of Buren's fees was determined when the first round of Greensfelder fees were found reasonable and upheld on appeal in *Klinkerfuss II.* As to Yeckel's fees billed by the Gross law office, the beneficiary's complaint is conclusory, mischaracterizes the record, and amounts to nothing more than insistence that the court accept the beneficiary's position on the issue.

The beneficiary maintains that the trial court erred in allowing Greensfelder and the Gross law office to claim "fees to collect fees." The fees billed by the Gross law office were for appellate work on *Klinkerfuss II,* which we previously found was "a continuation of the beneficiary's groundless and unsuccessful litigation." As to the Greensfelder fees, the trial court awarded $42,104.31 for fees incurred as of June 21, 2004, an amount already found reasonable and necessary and affirmed in *Klinkerfuss II.* The trial court also awarded $27,088 for legal services that Greensfelder rendered following remand, up to, but not including, the remand hearing itself. These are the fees and costs incurred in representing the trust in accordance with our mandate, in assuring that all fees incurred because of the beneficiary's vexatious litigation were allocated against her share of the trust, and in protecting the innocent beneficiary's share. We reject the beneficiary's argument that the attorneys' fees constitute "fees to collect fees."

The beneficiary challenges the trial court's award of attorneys' fees for Greensfelder's services rendered following remand. The trial court correctly considered and awarded Greensfelder's fees and

costs incurred following our remand in *Klinkerfuss II.*

The beneficiary complains that the trustee's conduct was more vexatious than hers. The history of this case as announced in *Klinkerfuss I* and *Klinkerfuss II* entirely belies this complaint.

The beneficiary complains of Greensfelder's "large bills for legal and accounting work and general management of the Trust," which was "presumably ordered charged back against [the beneficiary]." All of the cited instances relate to matters outside of the instant litigation, and fees for matters no longer at issue. We shall not readjudicate those contentions.

▆ The beneficiary maintains that assessment of attorneys' fees against her share of the trust "casts a chilling effect" on her rights to appeal and to due process. We also determined in *Klinkerfuss II* that the beneficiary's litigation was "vexatious" and that "[t]his appeal represents a continuation of [the] beneficiary's groundless and unsuccessful litigation against [the] trustee, with the sole purpose of benefiting the beneficiary." 199 S.W.3d at 846. If a beneficiary chooses to litigate capriciously and to proceed with vexatious and groundless litigation, then she should pay for it. *Id.* at 841. This does not cast a chilling effect on appeals that are not vexatious. We deny point five.

*Motion for Attorneys' Fees on Appeal*

▆ In accordance with our remand in *Klinkerfuss II,* the trial court awarded a total of $161,728.95 in attorneys' fees and expenses against the beneficiary's share of the trust estate, thus exhausting, and even exceeding, the beneficiary's share. The trustee filed a verified motion for attorneys' fees on appeal. At oral argument, we gave the parties additional time to update the factual record for an award of attorneys' fees on appeal. The trustee has updated his motion to request an additional award of attorneys' fees and expenses. The trustee documents fees and expenses of $57,762.11 from the date of filing of the notice of appeal through the date of oral argument (March 6, 2008 to February 11, 2009).

We conclude that we have two independent bases on which to award attorneys' fees and expenses against the beneficiary personally.

Section 456.10–1004 RSMo. (Supp.2008)[2] provides:

> In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy.

This section took effect in 2005, and we have found no Missouri appellate decision construing it or analyzing its application. In *Kutten v. Bank of Am., N.A.,* however, the federal district court found that section 456.10–1004 provided an independent basis to award attorney's fees to the defendant. 2008 WL 4838152, *3 (E.D.Mo. Nov.6, 2008). Stating that the statute's language was plain, the court rejected the plaintiff beneficiaries' argument that it applied only in the case of bad faith or egregious conduct. *Id.*

Section 456.10–1004 applies here because this suit involves administration of a trust. The plain language of section 456.10–1004 provides that any party, as distinguished from the trust itself, may be ordered to pay attorneys' fees as justice and equity require. Justice and equity

---

**2.** All statutory references are to RSMo. (Supp. 2008).

recommend such an award here. Otherwise, either the innocent beneficiary, who had no part in the litigation, would find her share of the trust depleted due to her sister's vexatious litigation, or the trustee would have to personally bear the expense for performing his duty to the trust.

We find additional support for awarding attorneys' fees on appeal and ordering the beneficiary to pay them personally based on the beneficiary's ongoing vexatious litigation as intentional misconduct, thus justifying an attorneys' fee award against her under the "special circumstances" or "very unusual circumstances" exception to the American Rule on attorney's fees. Again, we focus on equitable considerations.

Missouri adheres to the American Rule, meaning that generally, absent statutory authorization or contractual agreement, each litigant pays his or her own attorneys' fees, with few exceptions. *City of Cottleville v. St. Charles County*, 91 S.W.3d 148, 150 (Mo.App. E.D.2002). These exceptions are limited to cases involving collateral litigation with a third party, special circumstances, or very unusual circumstances where necessary in equity to balance the benefits. *Id.* We have already determined that section 456.10–1004 authorizes attorneys' fees in this case. Neither party claims that any other statute or any contract authorizes attorneys' fees, and no collateral litigation with a third party has occurred.

This leaves us to consider special circumstances and very unusual circumstances. Special circumstances and very unusual circumstances are rare, and courts have confined these exceptions to limited fact situations. *Windsor Ins. Co. v. Lucas*, 24 S.W.3d 151, 156 (Mo.App. E.D.2000). One such situation occurs where there has been intentional misconduct by a party. *Volk Const. Co. v. Wilmescherr Drusch*

*Roofing Co.*, 58 S.W.3d 897, 901 (Mo.App. E.D.2001); *Windsor*, 24 S.W.3d at 156.

Thus, in *Goellner v. Goellner Printing*, the Court held that special circumstances existed to justify an attorney's fee award where the defendant ceased paying the 92–year–old plaintiff's health insurance premiums out of spite and forced her to bring a declaratory judgment action. 226 S.W.3d 176, 179 (Mo.App. E.D.2007). In *Volk Const. Co. v. Wilmescherr Drusch Roofing Co.*, the Court upheld an award of attorney's fees under the special-circumstances exception to the American Rule where the defendants engaged in intentional misconduct involving transfers with the intent to hinder, delay, and defraud creditors. 58 S.W.3d at 901. In *Temple Stephens Co. v. Westenhaver*, the Court found an award of attorney's fees was justified where a defendant intentionally omitted the plaintiff's name from a required list of neighboring property owners submitted with the defendants' rezoning application. 776 S.W.2d 438, 443 (Mo.App. W.D.1989). The Court reasoned that the plaintiff incurred attorney's fees that it would not have incurred but for one defendant's intentional acts and, combined with other factors resulting from the plaintiff's lawsuit, constituted special circumstances justifying an attorney's fee award against one of the four defendants. *Id.* In *Law v. City of Maryville*, the Court determined that the City's interference with property owners and tenants and its deterrence of prospective buyers—by telling them that commercial use of the subject property was restricted—was improper in light of the Court's interpretation of the zoning code. 933 S.W.2d 873, 878 (Mo.App. W.D.1996). The Court upheld an award of attorney's fees against the City because its conduct constituted unusual circumstances justifying the award. *Id.*

Therefore, ample authority exists for the proposition that intentional misconduct constitutes "special circumstances" justifying an award of attorney's fees. The next question then is whether the beneficiary's conduct can be characterized as "intentional misconduct." The trial court found that none of the beneficiary's claims against the trustee had any merit and that she filed the lawsuit for selfish reasons rather than to protect the trust. We affirmed the trial court's judgment in *Klinkerfuss I,* 120 S.W.3d 758. We reiterated this determination in *Klinkerfuss II,* 199 S.W.3d at 841. We further concluded that the second appeal represented a continuation of the beneficiary's "groundless and unsuccessful litigation," which she pursued for the sole purpose of benefiting herself. *Id.* at 846. *Klinkerfuss II* also characterized the litigation as "vexatious." *Id.*

The value of the trust at Erna Strawn's death was $425,181, and the trust has incurred $244,524.09 in attorneys' fees and expenses, including amounts not yet awarded, in defending against the beneficiary's vexatious litigation. The attorneys' fees and expenses already awarded and appealed here have exhausted, and in fact exceeded, the beneficiary's share of the trust that remained after payment of the beneficiaries' first distribution, trustee fees, and reasonable and necessary administrative fees and expenses. Had the beneficiary allowed the trust to proceed without litigation, she would have received her second distributive share in July 2004, and she would receive her final distributive share in July 2009.

Because of the beneficiary's actions, the trustee was forced to defend the trust and its administration against meritless claims, which the beneficiary pursued for selfish reasons. The trustee has gone through two extended processes to obtain attorneys' fees and expenses incurred in defending the trust against the claims of a single beneficiary and is now defending against that single beneficiary's third appeal in this relentless and vexatious litigation. In her brief and at oral argument, the beneficiary even raised the prospect of another suit against the trustee in an effort to compel a distribution to her from the trust, a request previously rejected by the trial court. And despite the findings and conclusions that are clearly the law of the case, the beneficiary has continued, both at the remand hearing on attorneys' fees and here on appeal, to seek their relitigation.

Authority for awarding attorneys' fees against the beneficiary personally exists, both in section 456.10–1004 and in the cases that apply an exception to the American Rule for a party's intentional misconduct. Had there been no litigation expense, the trustee reports that as of July 22, 2004—the date the beneficiaries' second distributive shares would have been paid under normal circumstances—the trust would have been worth $230,448, or $115,224 for each of the two beneficiaries.

The trial court found $161,728.95 in reasonable attorneys' fees and costs and awarded this amount against the beneficiary's share of the trust. The court recognized that this award extinguished, and in fact exceeded, the beneficiary's share of the trust.[3] In addition, all other attorneys' fees and expenses found reasonable and necessary, apparently for trust administration, but not charged directly against the beneficiary's interest, were ordered

---

3. The trial court entered no special order as to allocation or payment of the portion of the $161,728.95 award that exceeds the beneficiary's share of the trust. The trustee did not appeal the award, seeking to have this additional amount charged to the beneficiary personally.

charged equally against both beneficiaries' shares. No party appealed this portion of the judgment. We affirm the trial court's judgment of $161,728.95.

The trustee filed a verified motion for attorneys' fees on appeal, seeking an award against the beneficiary personally and/or her counsel. In its updated motion permitted by this Court, the trustee documented $57,762.11 in attorneys' fees and expenses from the date of filing of the notice of appeal on March 6, 2008 through the date of oral argument on February 11, 2009. We grant the trustee's motion, and we award $57,762.11 in attorneys' fees and expenses in favor of the trust and against the plaintiff beneficiary personally.[4]

*Conclusion*

We affirm the trial court's judgment allocating $161,728.95 in attorneys' fees and expenses against the plaintiff beneficiary's share of the trust for the services of Greensfelder, Adams, and the Gross law office performed up to the time of the remand hearing. We grant the trustee's motion for $57,762.11 in attorneys' fees and expenses on appeal and remand for entry of judgment of $57,762.11 in favor of the trust and against the plaintiff beneficiary personally.[5]

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

---

**4.** In its updated motion for attorneys' fees and expenses on appeal, the trustee also documented fees and expenses of $25,033.03 from the time of the hearing on the previous remand up to the filing of this appeal (from July 23, 2007 to March 5, 2008). We lack authority to rule on this request because it has not yet been presented to the trial court. The trustee may present these fees and expenses to the trial court upon remand, and the trial court may award a judgment in favor of the trust and against the plaintiff beneficiary personally. The trial court need not conduct yet another hearing, but may consider the affidavits and record presented to this Court.

**5.** We deny all other pending motions.