**ST. LOUIS COUNTY, Missouri, Plaintiff/Appellant,**

v.

**Thomas D. PENNINGTON, et al., Exceptions of B–F–G–M Real Estate Investment/Marine, Inc., Defendant/Respondent.**

**No. 59963.**

Missouri Court of Appeals, Eastern District, Division Four.

April 7, 1992.

Patricia Redington, Associate County Counselor, Clayton, for plaintiff/appellant.

Gino F. Battisti, Betty L. Thorne, Suelthaus & Kaplan, P.C., Clayton, for defendant/respondent.

SMITH, Presiding Judge.

St. Louis County appeals from a judgment against it in a condemnation case in which the jury assessed the damages of the landowner at $100,000. We reverse and remand.

B–F–G–M is the owner of a 54 acre tract of land which fronts on Marine Avenue. The County filed its condemnation action to acquire 1.2 acres of the tract for the widening of Marine Avenue. A large portion of the entire tract had previously been utilized as a landfill and the entire tract was being held by the landowner for development as multi-family residential. The portions of the tract with the deepest landfill would be utilized in the development as open space and common grounds. The entire tract was not usable to construct buildings. The County raises three issues on appeal. We find one to be dispositive of the case.

During discovery the County requested the names of any experts expected to be called to testify at trial by the landowner and the subject matter of their testimony. The answer listed two real estate appraisers, one of them a principal of the landowner. The interrogatory answer was never updated. The first witness called by the landowner at trial was an architect who had prepared a development plan for the 54 acre tract. The County objected to allowing the testimony because of the failure of the landowner to list the architect in the interrogatory answer. The court concluded that the witness was not being called as an expert but solely to identify the drawings he had made for the development of the tract, and overruled the objection to the testimony. It subsequently denied County's motion to strike the testimony and the exhibits the witness had identified. The development plan prepared by the witness, Fey, showed a number of housing units lying within the 1.2 acre portion of the tract which the County had condemned. It was the landowner's theory that the taking of the 1.2 acre portion of the tract resulted in a loss of 88 residential units which could not be built on other portions of the tract because of the previous use of the property. The testimony of the landowner's appraisal experts was based upon the exhibits prepared and identified by Fey.

Rule 56.01(b)(4)(a) requires the disclosure of experts expected to be called to testify at trial. An expert witness is a person retained by a party in relation to litigation and who by reason of education or specialized experience possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of deducing correct conclusions. *Krug v. United Disposal, Inc.,* 567 S.W.2d 133 (Mo.App.1978) [3]. *See also Owen v. City of Springfield,* 741 S.W.2d 16 (Mo. banc 1987) [5] (expert witness is one engaged by a party in anticipation of litigation to testify to scientific or technical matters). While a trial court has broad discretion in its choice of action in response to non-disclosure of evidence or witnesses, that discretion is not unfettered. *Manahan v. Watson,* 655 S.W.2d 807 (Mo.App. 1983) [2].

Fey identified himself as president of an architectural and contracting firm. He had been an architect for 30 years and was licensed in the State of Missouri. He testified that he had worked closely with a principal of the landowner on numerous projects as architect and consultant. As regards this tract he was requested by the principal, Goldenberg, to study the property and determine what effect the landfill would have on potential development. In preparing the study, Fey contacted engineers for information concerning existing conditions on the site, bearing capacities of the soil and condition or effect of the landfill. He also consulted with the person in charge of the St. Louis County Planning Division. As a result of his investigation, Fey prepared several drawings depicting which portion of the site could be developed for multi-family housing and the nature of the development. These drawings were admitted into evidence. They formed the basis for the testimony of the appraisers concerning the damages sustained by the landowner from the taking. The trial court did not provide the County with an opportunity to depose Fey, granting it only the opportu-

nity for a brief unsworn interview prior to Fey's testimony.

It is clear that Fey was utilized by the landowner as an expert. The most important of the exhibits prepared by him and admitted into evidence was prepared while this litigation was pending to help prepare for the litigation. That exhibit was the basis for the damage evaluations of the appraisers. The exhibits reflected in documentary form the opinions of Fey as an architect of the possible development of the tract. They were not the drawings of a layman and they were not offered as such; they were offered as the opinion of an architect on the possible development of the tract in question. To say that Fey was utilized simply to identify documents is to ignore the documents which were identified, his architectural drawings based on his investigation and his expertise as an architect. It was his expertise which gave the documents relevancy and materiality and made them admissible into evidence. Otherwise the exhibits were, by Fey's own admission, based on hearsay. See § 490.-065, RSMo 1991 Supp. By any definition of the term, Fey testified as an expert and should have been disclosed in the interrogatory answers. To permit an expert to escape disclosure by the expediency of having him identify his reports, or studies, or documents which contain his opinions flies in the face of the discovery rules. Such an approach could be used equally with doctors, accountants, surveyors, and almost any other expert.

There is little question that the court's ruling seriously prejudiced the County. It is apparent that the County was effectively precluded from cross-examining Fey because of the absence of forewarning of his testimony. It is a purpose of discovery to allow effective cross-examination of witnesses by identifying beforehand the nature of the testimony. Further the failure to disclose the expert prevented the County from knowing that it needed an expert of its own to contest the opinions of Fey. It went to trial believing that no architectural testimony would be presented of the feasibility of developing the property as multifamily. It could reasonably assume that it

was not therefore necessary to have available an expert to question such development or to propose an alternative development causing less damage. Fey's development plans were the heart and soul of landowner's claim of substantial damages and the basis of the appraisers' assessment of the amount of damages. It was an abuse of discretion for the trial court to allow the testimony of Fey.

County's remaining two points need not be discussed. One is unlikely to recur at retrial and the other was not adequately preserved for review here.

Judgment reversed and cause remanded for new trial.

KAROHL and AHRENS, JJ., concur.