

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | |
|---|---|
| KAREN ELLIS and TODD ELLIS, | ) No. ED100836 |
| | ) |
| Plaintiffs/Appellants, | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| v. | ) |
| | ) Hon. Colleen Dolan |
| KEVIN HEHNER, | ) |
| | ) |
| Defendant/Respondent. | ) Filed:  October 7, 2014 |

<u>Introduction</u>

Karen Ellis and Todd Ellis (collectively Appellants) appeal from the trial court's

February 20, 2013 Order and Judgment in favor of Kevin Hehner (Respondent) on Count I

(Declaratory Judgment and Permanent Injunction) of Appellants' three-count petition,[1] and in

favor of Respondent on his Counterclaim for Declaratory Judgment and Injunctive Relief.  We

affirm.

<u>Factual and Procedural Background</u>

This case concerns a shared driveway between the respective homes of Appellant Karen

Ellis and Respondent.  Appellant Todd Ellis is Karen Ellis's son.  Both Karen Ellis and

Respondent have lived in their respective neighboring homes for a long period of time, and the

driveway they share was created by an easement recorded in 1967 benefitting Respondent's

---

[1] Counts II (trespass) and III (battery) of Appellants' petition were severed on October 9, 2012, then dismissed with prejudice by the trial court on July 24, 2013.

property and burdening Karen Ellis's property. The driveway itself is wide enough to accommodate two cars side by side. However, the parties have been feuding over each other's various uses of and activities upon the driveway, such as the spraying of pesticide, the shoveling of snow, the placing of railroad ties, and the pilfering of rocks. Todd Ellis has become involved in this dispute between the parties as he often comes to his mother's home to do various projects on and about her property, including the shared driveway.

On January 27, 2011, Karen Ellis filed a three-count petition against Respondent, asking for equitable relief in the form of a declaratory judgment that the recorded easement is invalid and injunction in Count I; alleging trespass in Count II; and battery in Count III. On February 9, 2011, prior to receiving service of Karen Ellis's petition, Respondent filed a petition for injunctive and declaratory relief against Karen Ellis and Todd Ellis requesting that the easement be declared valid. Respondent also filed an answer and counterclaim to Karen Ellis's petition. Respondent filed a motion to consolidate the actions on July 21, 2011. On August 3, 2011, the cases were consolidated as they concerned the same easement and involved the same set of facts and issues. Also upon Respondent's motion, Counts II and III of Karen Ellis's petition were severed from the equitable claims asserted in Count I.

On March 7, 2012, Respondent filed a Motion to Dismiss Count I of Karen Ellis's petition and for Summary Judgment on said count as well as on his counterclaim. The trial court called, heard and took the motion as submitted on June 22, 2012, denied it on July 19, 2012, and set the matter for trial on November 26, 2012.

A bench trial of the parties' remaining claims was held on November 26 and 27, 2012. At the conclusion of trial, the court requested the parties submit their respective proposed findings of fact and conclusions of law. On February 20, 2013, the trial court entered judgment

2

in favor of Respondent on his counterclaim and Count I of Karen Ellis's petition. The trial court's judgment found the easement belonging to Respondent and his successors at the property where he resides, granted in an Easement Deed recorded on August 4, 1967 at Book 5600 Page 481 of the records of St. Louis County, is a valid interest in the real estate described in said Easement as the property where Karen Ellis lives, as well as said property's successors-in-interest. The judgment further provides:

2. The object and purpose of the Easement is for egress and ingress between [Respondent's] property and Victory Drive. Pursuant to said object and purpose, [Respondent] and his successors shall have the right to use the Easement for traffic, including that of vehicles, lawn equipment and by foot; for parking; for undertaking reasonable maintenance including but not limited to the addition of gravel, minor repairs, leveling, weed control, and removal of snow, debris, obstacles, and refuse from the driveway; and for any and all other purposes reasonable and natural to the use of a suburban driveway.

3. The boundary line separating [Respondent's] and [Karen Ellis's] properties is hereby declared to be the line determined by Land Surveyor James Whitehead of Glasper Professional Services (formerly Cornerstone Land Surveying & Civil Engineering) as set out more fully in the survey, marked as [Respondent's] Exhibit W (a true and accurate copy of which is attached hereto), and as physically marked on the land by set iron pipes with licensed caps.

4. The land survey attached to the Easement Deed, found at Book 5600 Page 483, (a true and accurate copy of which is attached hereto) record with the St. Louis County Recorder of Deeds, sets out the dimensions of the Easement, as they relate to the above-referenced boundary line.

5. The costs for repairs to that portion of the driveway embraced by the Easement (i.e. that portion upon the Ellis property) shall be shared equally between the parties so as to maintain a white limestone gravel suburban driveway that includes an existing curb on its western boundary. Should [Karen] Ellis, her personal representative, or any of her successors permanently remove the circle driveway connecting to the Easement driveway and forever cease all use of the Easement driveway, abandoning all use in writing, then all maintenance shall be borne by [Respondent], his personal representatives or successors.

6. Karen Ellis, Todd Ellis, their agents, representatives, employees, successors and any and all others at their direction are hereby permanently enjoined and prohibited from:

a. Blocking, obstructing, impeding or otherwise limiting the reasonable use or maintenance by [Respondent] or [Respondent's] guests and successors of the portion of the driveway embraced by the Easement;

b. Removing or altering any part of the driveway embraced by the Easement, except as mutually agreed upon in writing between [Karen Ellis] and

3

[Respondent] or their personal representatives or successors. Any agreement to perform substantial repairs or maintenance to the driveway which is embraced by the Easement shall be signed by [Karen Ellis] and [Respondent] or their personal representatives or successors;

      c. Altering that portion of the driveway embraced by the Easement in any manner that would change the essential character of the driveway as a white limestone gravel, suburban driveway that includes an existing curb on its western boundary (i.e. as it has existed for the last 25 years);

      d. Entering any portion of the driveway which is upon [Respondent's] property for any purpose, including driving upon that portion of the driveway which lies outside the Easement. [Karen Ellis] and Todd Ellis, as well as their successors, shall take reasonable steps to prevent others servicing the property at 910 Victory, including delivery persons, and those operating transport vehicles and postal vehicles, from driving upon that portion of the driveway which lies outside the Easement by instructing or advising such persons or entities of this Order;

      e. Placing or installing any obstacles or impediments on the Easement. [Karen Ellis] and Todd Ellis are specifically ordered to remove any wooden landscaping timbers or beams from the portion of the property which lies inside the Easement, as well as any rebar stakes holding such timbers or beams in place.

The trial court also awarded Respondent his attorney's fees and costs, the proper amount of which would be determined by the court at a hearing on a later date after Counts II and III of Karen Ellis's petition were tried. Counts II and III of Karen Ellis's petition were scheduled for trial on July 29, 2013. Prior to that date, however, Respondent filed a Motion for Enforcement of the court's Order and Judgment, asserting that Appellants had not yet removed the railroad ties blocking the driveway easement as ordered in paragraph 6(e) of the judgment. The trial court heard the motion on June 14, 2013, and ordered Appellants to remove the railroad ties from the driveway easement within 20 days of the date of the order. The trial court further noted that failure to comply with this order would result in Karen Ellis's remaining two claims being dismissed with prejudice. On July 3, 2013, Karen Ellis filed a Motion to Reconsider Order of February 20, 2013. On July 8, 2013, Respondent filed a Motion to Dismiss Karen Ellis's Counts II and III, as she had failed to comply with the court's June 14, 2013 order of enforcement of paragraph 6(e) of its February judgment to remove the railroad ties. The trial court held a

4

hearing on the motions to reconsider and to dismiss, respectively, on July 24, 2013, and on that date denied Karen Ellis's motion to reconsider and granted Respondent's motion to dismiss, dismissing Karen Ellis's two remaining claims with prejudice for failure to comply with the February 20, 2013 judgment and June 14, 2013 order of enforcement. The court also set for hearing on August 14, 2013 Respondent's award of attorney's fees. At the hearing on Respondent's attorney's fees, both parties submitted testimony and Respondent submitted exhibits, and the court heard arguments from both sides. On October 2, 2013, the trial court entered an Order and Judgment awarding $5,000 in attorney's fees to Respondent.

This appeal follows.

Discussion of Points on Appeal

Point I – Attorney's Fees

In their first point, Appellants claim the trial court erred by granting Respondent's request for attorney's fees in the amount of $5,000 because an award of attorney's fees was not warranted under Section 527.100[2] as Respondent failed to show "special circumstances."

Section 527.100, titled "Costs," provides: "In any proceeding under sections 527.010 to 527.130 the court may make such award of costs as may seem equitable and just." Under this statute authorizing circuit courts to award costs in an amount the court deems equitable and just, in declaratory actions, "costs" may include attorney's fees when there are special circumstances. Smith v. City of St. Louis, 395 S.W.3d 20, 26 (Mo.banc 2013); see also Bernheimer v. First National Bank of Kansas City, 359 Mo. 1119, 225 S.W.2d 745 (1949) (court held that attorney's fees may be awarded in a declaratory judgment action when there are special circumstances). The standard of review is abuse of discretion. Smith, 395 S.W.3d at 26.

---

[2] All statutory references are to RSMo 2006, unless otherwise indicated.

At the August 19, 2013 post-trial hearing on attorney's fees and costs, Respondent presented testimony and exhibits setting forth the attorney's fees he incurred in connection with the litigation totaling $14,802.19. On October 20, 2013, the trial court entered an Order and Judgment finding that:

> [Respondent] has incurred reasonable attorneys' fees in bringing and defending the claims in the above cause … Section 527.100 RSMo. provides for payment of attorneys' fees when there are "special circumstances." Goellner v. Goellner Printing, 226 S.W.3d 176, 179 (Mo.App. E.D. 2007). Based on the evidence adduced at trial, the court finds [Respondent] in this case is not nearly as sympathetic a party as was the prevailing party in Goellner and the court finds he is not entitled to reimbursement from [Appellants] for all of the fees he has incurred. However, the evidence supports an award of a portion of his fees as [Appellants] blocked [Respondent] from using the driveway for ingress and egress to and from his property on numerous occasions for no other reason than spite, to inconvenience and annoy him. [Respondent] is therefore awarded attorney's fees in the amount of $5,000.00.

In Goellner, wife brought an action against her deceased husband's former employer after employer stopped paying wife's health insurance despite its contractual obligation to do so for all of wife's life. Id. at 179. We found that after paying for wife's insurance for over 20 years, employer terminated her benefits out of spite, and wife, who was 92 years old at the time of trial, was forced to bring action for declaratory judgment. Id.

In the instant case, we find that the trial court's determination that Appellants acted out of spite on numerous occasions in blocking Respondent's use of the driveway, use of which Appellants knew he was legally entitled, justified awarding a portion of Respondent's fees in the action in which he prevailed. The trial court did not abuse its discretion in awarding Respondent $5,000 of his total fees of $14,802.19. Point I is denied.

6

<u>Point II – Injunction for Enforcement of Easement</u>

In their second point, Appellants maintain the trial court erred in finding that Respondent made a submissible case for an injunction for enforcement of the previously recorded easement in that there was no probative evidence concerning or reference in the court's judgment to a legal description or survey of the boundary portion of the driveway.

Contrary to Appellants' assertion that there is no reference in the judgment to a legal description or survey of the boundary portion of the driveway, the judgment reads:

> 3. The boundary line separating [Respondent's] and [Karen Ellis's] properties is hereby declared to be the line determined by Land Surveyor James Whitehead of Glasper Professional Services (formerly Cornerstone Land Surveying & Civil Engineering) as set out more fully in the survey, marked as [Respondent's] Exhibit W (a true and accurate copy of which is attached hereto), and as physically marked on the land by set iron pipes with licensed caps.
> 4. The land survey attached to the Easement Deed, found at Book 5600 Page 483, (a true and accurate copy of which is attached hereto) record with the St. Louis County Recorder of Deeds, sets out the dimensions of the Easement, as they relate to the above-referenced boundary line.

The survey prepared as a document by James Whitehead (Whitehead) and as physically marked out on the parties' properties and photographed, and the easement deed with accompanying survey as recorded in the Office of the St. Louis Recorder of Deeds in 1976 at Book 5600 Page 483, cited in the judgment as set out above, were attached and incorporated into the judgment by reference and fully and completely set out the legal dimensions of the easement. Additionally, in further contravention of Appellants' point, these items of documentary and physical evidence as historically recorded, professionally reconstructed, reproduced and testified to by an expert land surveyor witness constitute ample probative evidence of the dimensions of the previously recorded easement.

Appellants maintain the trial court's judgment should be reversed because it did not incorporate a "metes and bounds" description of the easement driveway. However, there is no

7

specific requirement that such a manner of measurement be used in delineating the dimensions of an easement. Rather, the judgment must describe with reasonable certainty the real estate affected by the judgment. Dillon v. Norfleet, 813 S.W.2d 31, 32 (Mo.App. W.D. 1991); Patterson v. Harrison, 46 S.W.3d 580, 581 (Mo.App. S.D. 2001). As previously noted in response to this point, the trial court's judgment references and incorporates the 1967 deed of easement recorded with the St. Louis County Recorder of Deeds, Book 5600, Page 483, to which a survey is attached depicting Karen Ellis's property; the easement thereon; and the entire east driveway, indicating the property line that divides it, designating distances and specific points of origin and termination with respect to the dividing property line. In addition, the judgment also incorporates the survey performed by Whitehead on the property, also depicting the boundary line separating the properties. The easement as recorded and referenced by the trial court in its judgment was sufficiently specific as to the easement's use, although such specificity is not strictly required. The easement in question is described as a "driveway" and has been used for ingress and egress between Respondent's home and the street as well as for the normal usages to which a driveway is put. Such is to be its continued use.

In this case, the trial court's judgment in all respects has affirmatively determined and declared the parties' respective titles and privileges with regard to a fully and completely legally dimensioned easement, such as would be required for the benefit of any future conveyance of the property. See, e.g., Maune v. Beste, 292 S.W.3d 528, 529-30 (Mo. App. E.D. 2009). As such, Appellants' Point II is without merit and is therefore denied.

Point III – Unclean Hands

In their third point, Appellants contend the trial court erred by granting the injunction because it failed to consider the undisputed evidence of ongoing and systematic misuse of the easement by Respondent.

8

In this case, the record evidences allegations and instances of bad behavior on the parts of both parties. The courts have officially recognized bad behavior on the part of Appellants, in fact, by issuing a restraining order to Respondent in his Adult Abuse action and in the underlying action in the instant case by awarding Respondent a portion of his attorney's fees based on the actions taken by Appellants to disturb Respondent's peaceful enjoyment of his property purely out of spite.

In any event, there is no authority that a properly recorded easement may be extinguished because of the owner's conduct. An easement runs with the property and not the property's owner. In this case, the easement is particularly necessary because its extinction would deprive Respondent, and future owners of his property, of the only means of ingress and egress from the property to the street.

Finally, in a court-tried case, issues of the witnesses' credibility are matters within the trial court's discretion. McAllister v. McAllister, 101 S.W.3d 287, 290-91 (Mo.App. E.D. 2003). The trial court is in a better position to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles which are not revealed in a trial transcript. Id. The trial court is free to accept or reject all, part, or none of the testimony of a witness. Id. And, it may disbelieve testimony even when it is uncontradicted. Id. The trial judge has absolute discretion as to the credibility of witnesses and the weight of their testimony is a matter for the trial court, and its findings on witness credibility are never reviewable by the appellate court. Id.

For the foregoing reasons, Point V is denied.

Point IV – Removal Of Railroad Ties

In their fourth point, Appellants assert the trial court erred in striking Karen Ellis's non-equitable, bifurcated claims for failure to remove the railroad ties from the driveway as she was physically incapable of removing the railroad ties due to her age and incapacity and Todd Ellis

9

was subject to possible criminal prosecution if he removed the railroad ties due to a restraining order.

The trial court's February 20, 2013 judgment, paragraph 6(e) stated: "[Karen Ellis] and Todd Ellis are specifically ordered to remove any landscaping timbers or beams from the portion of the property which lies inside the Easement, as well as any rebar stakes holding such timbers or beams in place." More than 60 days later, on May 13, 2013, Respondent had to file a motion for enforcement of the court's judgment because Appellants had not removed the timbers as ordered by the court. The trial court then entered a judgment stating in pertinent part, "[Karen] Ellis shall cause the removal of the wooden landscaping timbers or beams from the driveway (as ordered in the Feb. 20, 2013 Judgment) within 20 days of this date. Failure to comply shall result in the dismissal with prejudice of [her] remaining cause of action." Appellants again failed to comply and thus the trial court dismissed the remaining claims.

We find Appellants' contentions that they could not comply with the order because Karen Ellis is unable to move the timber herself due to her age and Todd Ellis cannot move the beams because the restraining order prevents him from going onto Respondent's side of the driveway to be disingenuous. The court did not order that Karen Ellis herself or Todd Ellis himself had to physically remove the timbers from the driveway. Therefore, their claims that they failed to comply with the court's directive because Karen Ellis is too frail and Todd Ellis is legally prohibited from doing so are unpersuasive. Appellants can hire someone to move them if need be.

Based on the foregoing, Point IV is denied.

### Point V – Expert Testimony

In their fifth point, Appellants argue the trial court erred by allowing Whitehead to testify at trial because he had not been disclosed as an expert opinion witness and he had no personal

knowledge of any of the measurements taken or work performed on the driveway, making his testimony inadmissible hearsay opinion testimony.

Rule 56.01(b)(4)(a)[3] requires the disclosure of experts expected to be called to testify at trial. An expert witness is a person retained by a party in relation to litigation and who by reason of education or specialized experience possesses superior knowledge respecting a subject about which persons having no particular training are incapable of forming an accurate opinion or of deducing correct conclusions. St. Louis County v. Pennington, 827 S.W.2d 265, 266 (Mo.App. E.D. 1992). A trial court has broad discretion in its choice of action in response to non-disclosure of evidence or witnesses. Id.

In the case *sub judice*, Respondent did not timely disclose his expert witness Whitehead in response to Appellants' requests in discovery, but disclosed his identity as an expert witness and his boundary survey in his motion for summary judgment filed March 12, 2012, more than eight months before trial. As such, Appellants were not prejudiced by Respondent's failure to disclose Whitehead and his survey during discovery, because Appellants had ample time to prepare a rebuttal to Whitehead and his survey prior to trial. There was no unfair surprise or concealment. The purpose of the discovery rule is to eliminate the element of surprise during trial and provide the parties with all relevant materials. State ex rel. Plank v. Koehr, 831 S.W.2d 926, 927 (Mo.banc 1992). Furthermore, Whitehead's testimony at trial was limited to identifying the survey he prepared, photographs of the property as surveyed and explaining the process of compiling a boundary survey. He did not offer any opinions and the 1967 Easement Deed was entered into evidence as self-explanatory. Therefore, the trial court acted within its discretion in allowing Whitehead's testimony and survey to be allowed into evidence at trial and considered in fashioning its declaratory judgment.

---

[3] All rule references are to Mo R. Civ. P. 2011, unless otherwise noted.

11

Appellants' Point V is denied.

## Point VI – Motion to Reconsider

In their sixth point, Appellants aver the trial court erred in denying their motion to reconsider on the basis of splitting a cause of action and/or collateral estoppel because Respondent had litigated the same issue of the blockage of the driveway before two different St. Louis County courts.

Appellants maintain the Order of Protection Respondent obtained in his action under the Adult Abuse Act, Sections 455.010 to 455.085, for verbal threats made against him on September 23, 2012 by Todd Ellis collaterally estops him from litigating his claims in the instant case. This contention is without merit. That action was filed over a year and a half after the claim filed by Respondent in the instant action and involved a different cause of action than the instant one, which was filed for declaratory and injunctive relief with regard to a recorded easement. The Order issued in the adult abuse case is based on the parties' conduct, and provides that both Respondent and Appellant Todd Ellis are to "refrain from any contact, communication, or interaction of any kind." It also ordered them to remain within their respective property boundaries or within the driveway easement, to-wit: "[Todd Ellis] shall not use any portion of the East driveway (includes the person) and shall remain on the 910 Victory property boundaries. [Respondent] shall not use any portion of the west driveway (including the person) and shall remain on the 906 Victory property boundaries and within the Driveway Easement." The Order and Declaratory Judgment in the instant case covers legal usage and ownership of the subject easement-shared driveway based on the recorded easement on the property. These are different issues.

Collateral estoppel is defined as issue preclusion. Adams v. Inman, 892 S.W.2d 651, 654 (Mo.App. W.D. 1994). Collateral estoppel precludes the same parties or their privies from

12

relitigating issues that have been previously litigated.  <u>Id.</u>  In order to invoke collateral estoppel, the following four elements must be found:  1) the issue decided in prior litigation must be identical to the issue presented in the present action;  2) the prior litigation must have resulted in a judgment on the merits;  3) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the prior litigation; and 4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior action.  <u>Id.</u>  The first and most fundamental element of collateral estoppel, i.e., identity of issues, is missing here.  Determination of rights of shared use and ownership of a driveway that is subject to a recorded easement does not involve issues of communication and adult abuse.

The rule against splitting a cause of action is related to the doctrine of collateral estoppel. <u>Finley v. St. John's Mercy Medical Center</u>, 958 S.W.2d 593, 595 (Mo.App. E.D. 1998).  A cause of action that is single may not be split and filed or tried piecemeal, the penalty for which is that an adjudication on the merits in the first suit is a bar to a second suit.  <u>Id.</u>  However, distinct causes of action may arise from a single contract, transaction or occurrence.  <u>Id.</u>  Respondent's adult abuse claim and resulting protective order against Appellant Todd Ellis arose eighteen months after the instant cause of action was filed, and involved verbal threats made by Todd Ellis to Respondent, and not the legal right to property ownership and use of the driveway based on a recorded easement.

For the foregoing reasons, Point VI is without merit and denied.

13

Conclusion

The trial court's judgment is affirmed.[4]

_____
Sherri B. Sullivan, P.J.


Mary K. Hoff, J., and
Philip M. Hess, J., concur.

---

[4] Respondent's Motion to Dismiss for Lack of Jurisdiction is denied.

14