

# In the
# Missouri Court of Appeals
## Western District

KC AIR CARGO SERVICES, INC.,

                **Appellant-Respondent,**

v.

THE CITY OF KANSAS CITY, MISSOURI,

                **Respondent-Appellant.**

**WD81945 and WD81968**

**OPINION FILED:**

**July 16, 2019**

---

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Sandra Midkiff, Judge**

**Before Division Two:**
**Thomas N. Chapman, P.J., Mark D. Pfeiffer, and Cynthia L. Martin, JJ.**

K.C. Air Cargo Services, Inc. (KCACS) appeals the judgment of the Circuit Court of Jackson County, Missouri, ruling that special circumstances did not exist in this case to justify an award of attorneys' fees in its favor. The City of Kansas City, Missouri (the City) cross-appeals, arguing that, in ruling on whether KCACS had successfully exercised an option to renew the lease contained in the parties' real estate contract, the circuit court exceeded our mandate in a related appeal. We affirm the judgment as modified by this opinion.

### Facts & Procedural History[1]

KCACS is a Missouri corporation and the City is a municipal corporation. In 1986, the City and KCACS entered into a contract under which the City agreed to lease a tract of land to KCACS at the Kansas City International Airport. The base term of the contract was to expire in September 2017. During the base term, KCACS constructed improvements on the tract, including a shipping warehouse and an abutting air cargo apron. KCACS acts as a sub-landlord on the tract, leasing warehouse space to sub-tenants. The parties' lease agreement contained the following clause: "At the end of the Lease Term, Lessee shall be given the opportunity to lease the Premises at the then fair market rental rate or the rental rate which has been offered to the City by another party, whichever is higher."

In 2013, KCACS sued the City, arguing that it was liable for physical damage to the leasehold caused by subsurface water migration. In its lawsuit, KCACS sought damages for lost profits occurring after the expiration of the base term of the lease. In response, the City moved in limine to exclude evidence of such damages, arguing that the alleged renewal provision was unenforceable and "a void lease provision." The circuit court overruled the City's motion, finding that the clause was "sufficiently detailed ... enough that it would be enforceable for a period of 10 years," "so the motion in limine to eliminate that 10–year extension in a damage calculation is overruled[.]" This lawsuit was eventually settled by the parties.

In April 2015, counsel for KCACS sent a letter to the City, reminding the City that the circuit court had rejected its argument regarding the unenforceability of the renewal provision

---

[1] The facts of this case are summarized in part from *K.C. Air Cargo Servs., Inc. v. City of Kansas City*, 523 S.W.3d 1 (Mo. App. W.D. 2017) without further attribution.

and requesting confirmation that "the City [would] honor the renewal option if KCACS elect[ed] to exercise its right to extend the Lease." In response, counsel for the City emailed counsel for KCACS, stating that the City had not made a "final business decision" about whether to extend KCACS's lease and indicating that the City would let KCACS know what it intended to do closer to the expiration of the base term.

In May 2015, KCACS filed a Petition for Declaratory Judgment, seeking a declaration that the disputed clause was enforceable and gave KCACS an option to renew the lease at its sole discretion. In September 2015, KCACS filed a motion for summary judgment, asking the circuit court to declare that the renewal provision was valid and enforceable for either a single 30-year term or in perpetuity. The City filed a response and counter-motion for summary judgment, arguing that the disputed clause was actually a right of first refusal (rather than a renewal option) and that, if the clause were an option to renew, it violated a 50 year lease term limitation set forth in the City's Charter.

In March 2016, the circuit court sustained KCACS's motion for summary judgment, finding that the renewal clause was enforceable and that it granted KCACS a right to renew the lease in perpetuity. The judgment allowed the parties to "submit further briefing on the issue of whether special circumstances support[ed] an award of attorneys' fees in this case, and if so, [in what amount]." KCACS thereafter filed a motion for attorneys' fees and costs and the City filed suggestions in opposition. The circuit court granted KCACS's motion, finding as follows:

> [B]ased on the facts set forth in the Court's prior Order and Judgment and discussed at length in KCACS' papers, the Court finds special circumstances for the award of attorneys' fees stemming from the lack of substantial grounds for the City's position, the improper interference with KCACS' property rights, the shifting position of the City on the meaning and interpretation (if any) to be given

3

to the disputed renewal provision of the Lease, and the apparent financial motivation for the City's actions.

The circuit court awarded KCACS its attorneys' fees and costs in the total sum of $69,444.80.

The City appealed the circuit court's judgments. On appeal, we held that the renewal provision granted KCACS the opportunity to renew the lease *once* for an additional 30-year term at the expiration of the base term, but not in perpetuity. We further held that the circuit court did not have before it "sufficient facts for it to declare that special circumstances existed to award attorneys' fees to KCACS." *K.C. Air Cargo Servs., Inc. v. City of Kansas City*, 523 S.W.3d 1, 13 (Mo. App. W.D. 2017) (*K.C. Air Cargo I*). We therefore remanded the case (1) "for the circuit court to enter judgment stating that any right of renewal by KCACS is for only one additional term[,]" and (2) to conduct "further proceedings to determine whether special circumstances existed [for the award of attorneys' fees], giving the parties the opportunity to present evidence." *Id*.

On remand, the circuit court held a hearing on the issue of attorneys' fees. At the hearing, KCACS submitted testimony and evidence indicating that the parties' dispute concerning the renewal clause had caused KCACS's negotiations with a potential subtenant to stall. Further evidence was adduced that the City had not told KCACS about a leak in a subsurface water line in the vicinity of KCACS's leasehold. Through the deputy director of its aviation department, the City testified that it did not consider the disputed provision to be a renewal clause, but a right of first refusal. The deputy director testified further that the City was not motivated by greed, spite, or hatefulness in its refusal to treat the provision as an option to renew. Following the hearing, KCACS submitted an updated claim of its attorneys' fees and litigation expenses, asserting that the total amount was at that time $152,456.01.

4

The circuit court ruled (1) that sovereign immunity barred KCACS's claim for attorneys' fees, and (2) there were no special circumstances that would justify an award of attorneys' fees. The circuit court also found that KCACS had exercised its option to renew the lease. KCACS appeals, and the City cross-appeals.

## *Discussion*

When reviewing a circuit court's decision whether to award fees in a declaratory judgment action, our standard is abuse of discretion. *Ellis v. Hehner*, 448 S.W.3d 320, 326 (Mo. App. E.D. 2014). "To demonstrate an abuse of discretion, the complaining party must show the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Howard v. City of Kansas City*, 332 S.W.3d 772, 792 (Mo. banc 2011) (quoting *Russell v. Russell*, 210 S.W.3d 191, 199 (Mo. banc 2007)).

KCACS advances two points on appeal. In its first point, KCACS posits that the circuit court erred in ruling that an award of fees was barred by the doctrine of sovereign immunity. In its second point, KCACS contends that the circuit court "erroneously declared and misapplied the law, in that (a) it misinterpreted this Court's earlier opinion as a substantive determination of the evidence; (b) it adopted a narrow view of the special circumstances that could support an award of attorneys' fees; and (c) it denied attorneys' fees based on the mere fact that the City prevailed on a peripheral issue[.]"[2] Because we find that the circuit court did not abuse its

---

[2] This point relied on "is impermissibly multifarious, as it raises multiple, discrete complaints, that are required by Rule 84.04(d)(1)(A) to be asserted in separate points on appeal. Multifarious points on appeal preserve nothing for appellate review." *Host v. BNSF Ry. Co.*, 460 S.W.3d 87, 96 n.4 (Mo. App. W.D. 2015). Additionally, KCACS's factual section is not "a fair and concise statement of the facts relevant to the questions presented" on appeal, and is at times argumentative. Rule 84.04(c). "Failure to comply with Rule 84.04 merits dismissal." *Anderson v. Am. Family Mut. Ins. Co.*, 173 S.W.3d 356, 357 (Mo. App. W.D. 2005).

5

discretion in denying an award of attorneys' fees, we need not address whether sovereign immunity shielded the City from such an award.[3]

"Missouri follows the 'American Rule' which generally provides that, absent statutory authorization or contractual agreement, with few exceptions, each party must bear the expense of its attorney's fees." *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 130 S.W.3d 573, 594 (Mo. App. E.D. 2003). Section 527.100, RSMo (2016), authorizes the circuit court to enter an award of "costs" in a declaratory judgment action. As used in this statute, the term "costs" has been interpreted by the courts of this state to "include attorney's fees when there are special circumstances." *Ellis*, 448 S.W.3d at 326. "Special circumstances and very unusual circumstances are rare, and courts have confined these exceptions to limited fact situations." *Klinkerfuss v. Cronin*, 289 S.W.3d 607, 618 (Mo. App. E.D. 2009); *see also Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo. App. E.D. 2007) (noting that "'special circumstances' exception is narrow and must be construed strictly.").

In its first subpoint on the issue of special circumstances, KCACS argues that the circuit court misinterpreted this Court's holding in *K.C. Air Cargo I*. In that opinion, we noted that the merits of this case had been tested through a summary judgment proceeding and that the circuit

---

> We have the discretion to review non-compliant briefs ex gratia where the argument is readily understandable. But we cautiously exercise this discretion because each time we review a noncompliant brief ex gratia, we send an implicit message that substandard briefing is acceptable. It is not.

*Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (internal citation omitted). However, this Court "prefers to dispose of cases on the merits if it can discern the argument being made." *Hink v. Helfrich*, 545 S.W.3d 335, 338 (Mo. banc 2018). Because we can readily discern the arguments made by KCACS, we proceed to review *ex gratia*.

[3] We "will affirm on any ground that supports the circuit court's judgment, regardless of the grounds on which the circuit court relied." *Stanley v. State*, 420 S.W.3d 532, 543 n.9 (Mo. banc 2014).

court had entered an award of attorneys' fees "without a hearing and a presentation of any evidence." *K.C. Air Cargo I*, 523 S.W.3d at 13. We held that the limited uncontroverted facts in the record did not supply an adequate factual basis to determine whether an award of attorneys' fees was warranted due to special circumstances. *Id*. The Court therefore remanded the case so that the circuit court could conduct a hearing, receive evidence, and develop a factual record sufficient to determine whether special circumstances existed. *Id*.

KCACS argues that our holding in *K.C. Air Cargo I* was procedural, rather than substantive in nature. Specifically, KCACS contends that this Court's opinion "did not require *different* evidence for the award of fees, just evidence presented in a *different manner*." In its judgment on remand, the circuit court found as follows:

> The Court [of Appeals] specifically held, based upon the record on the Summary Judgment, that "we find that we do not have a sufficient factual basis to determine whether special circumstances existed to warrant an award of attorneys' fees in this case."

> Absent any significant additional facts or arguments not previously asserted, this court feels constrained to follow the direction and holding of the Missouri Court of Appeals….[A]bsent a greater factual basis for the claim of frivolous and reckless action by the City, the Court concludes no attorneys' fees should be awarded.

The circuit court's judgment does not indicate a misunderstanding of our holding in *K.C. Air Cargo I*. We held in the first appeal that the uncontroverted facts on summary judgment did not constitute a sufficient factual predicate for an award of attorneys' fees, and directed the circuit court to conduct further proceedings and allow the parties to present evidence on that issue. On remand, the circuit court followed this directive and determined (following an evidentiary hearing) that KCACS's evidence did not establish special circumstances justifying an

7

award of attorneys' fees. As the circuit court's judgment does not reflect a misunderstanding of this Court's previous holding, KCACS's first subpoint is denied.

In its second subpoint, KCACS contends that the circuit court applied an overly narrow construction of the special circumstances exception in its judgment denying attorneys' fees. KCACS seizes upon the circuit court's statement that special circumstances exist "when a party's conduct is frivolous[,] without substantial legal grounds, reckless or punitive." KCACS argues that special circumstances may be premised upon other findings, including where a party has acted selfishly, spitefully, or has interfered with the moving party's property rights. This argument impermissibly assumes that the circuit court did not consider these purportedly independent grounds in deciding that fees should not be awarded. "Absent some evidence to the contrary, the trial court is presumed to have considered all relevant factors" when deciding a motion for attorneys' fees. *Bruns v. Bruns*, 186 S.W.3d 449, 453 (Mo. App. W.D. 2006). The circuit court's judgment indicates that it conducted a "careful review of the facts and evidence in this case," and in accordance with *Bruns*, we presume that is what it did. KCACS's second subpoint is denied.[4]

---

[4] Assuming *arguendo* that it was error for the circuit court not to list every conceivable factual basis that would support a finding of special circumstances (a determination we do not make), the cases KCACS marshals in support of its subpoint are inapposite. In *Volk Const. Co. v. Wilmescherr Drusch Roofing Co*., 58 S.W.3d 897 (Mo. App. E.D. 2001), the appellate court upheld an award of attorneys' fees under the special circumstances exception where the appellants had transferred certain assets from a corporation (which, at the time, was being sued by the respondent) with actual intent to defraud the corporation's creditors. *Id*. at 901. In *Klinkerfuss v. Cronin*, 289 S.W.3d 607 (Mo. App. E.D. 2009), the Eastern District of this Court found special circumstances existed where a trust beneficiary had "engaged in intentional misconduct" by pursuing relentless, groundless, and vexatious litigation against the trustee. *Id*. at 618-20. Special circumstances were found in a zoning dispute, when the city actively scared off the plaintiffs' tenants and potential purchasers of their property by giving them inaccurate zoning information. *Law v. City of Maryville,* 933 S.W.2d 873, 878 (Mo. App. W.D. 1996); *see also Ellis,* 448 S.W.3d at 326 (finding special circumstances where the appellants "acted out of spite on numerous occasions in blocking" the respondent's access to a driveway despite knowing that he was legally entitled to use it).

In its third subpoint, KCACS contends that the circuit court misapplied the law in denying attorneys' fees "based on the mere fact that the City prevailed" on the issue of perpetual renewal. This argument mischaracterizes the circuit court's judgment. The circuit court first noted that KCACS prevailed on the issue of whether KCACS had an option to renew the lease, but that the City prevailed as to whether that option continued in perpetuity. The circuit court then stated correctly that "a prevailing party does not need to prevail on every issue asserted in order to be entitled to attorneys' fees." *Hoag v. McBride & Son Inv. Co.*, 967 S.W.2d 157, 175 (Mo. App. E.D. 1998) ("Missouri courts have defined a prevailing party as the party prevailing on the main issue, even though not necessarily to the extent of its original contention.").[5] The circuit court indicated in its judgment that the City's qualified victory on appeal was relevant to a consideration of whether the City had acted frivolously or recklessly in resisting KCACS's interpretation of the renewal provision.

The circuit court's judgment did not state that the court declined to award fees solely because the City prevailed on the perpetuity issue. Rather, it indicated that it considered the City's victory on this point as a factor in determining that the City had not acted frivolously or without substantial legal grounds. The circuit court did not misapply the law or abuse its

These authorities are distinguishable from the present case. The City did not defraud KCACS by disputing whether it held a valid option to renew the lease, and it has not embroiled KCACS in groundless, vexatious litigation. And although the City was contacted by a potential subtenant of KCACS and related public information regarding the parties' contractual dispute, the evidence does not indicate that the City intentionally sabotaged KCACS's business relationships. Thus, even if the circuit court erred in omitting from its judgment these "additional bases for finding special circumstances," we find that they are not present in the instant case. This Court is "'primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient.'" *Blue Ridge Bank & Tr. Co. v. Trosen*, 309 S.W.3d 812, 815 (Mo. App. W.D. 2010) (quoting *Blue Ridge Bank & Tr. Co. v. Trosen*, 221 S.W.3d 451, 457 (Mo. App. W.D. 2007)).

[5] The City concedes in its brief that KCACS is the prevailing party in this case.

discretion by considering the City's success in limiting the renewal option when determining whether to award KCACS its attorneys' fees.[6]  KCACS's third subpoint is denied.

Finally, the City has filed a cross-appeal, arguing that the circuit court erred on remand when it determined that KCACS had properly exercised its option to renew.  The relevant portion of the circuit court's judgment is as follows:

> **IT IS FURTHER ORDERED AND ADJUDGED**, as previously adjudged in this case, that Plaintiff has prevailed in establishing that is [sic] has successfully exercised its valid option to renew its Lease Agreement with the City of Kansas City, Missouri, valid from October 1, 2017 for a period of thirty years.

The City argues that this portion of the judgment is unenforceable because it exceeds the scope of this Court's mandate and opinion.[7]

The circuit court's authority on remand is limited as follows:

> On remand, the scope of the trial court's authority is defined by the appellate court's mandate.  "The mandate serves the purpose of communicating the judgment to the lower court, and the opinion, which is a part thereof, serves an interpretative function."  Following remand, the trial court is required to render

---

[6] Although not set forth in its point relied on, KCACS's argument concludes by asking this Court to remand the case for "reconsideration of the attorneys' fee issue based on all the evidence in the record…" citing "[t]he City's stubborn refusal to honor the plainly worded renewal provision," as well as other evidence in support of its request for remand.  This would appear to be a fourth subpoint, suggesting that the weight of the evidence required the circuit court to award KCACS its attorneys' fees.  First, we note that "[i]ssues that are raised only in the argument part of the brief and are not contained in the point relied on are not preserved for review." *In re Marriage of Fritz*, 243 S.W.3d 484, 488 (Mo. App. E.D. 2007).  We nevertheless review the subpoint *ex gratia*, and find that it fails.  At the evidentiary hearing, the deputy director of the City's aviation department indicated that the City genuinely believed the clause was a right of first refusal, and not an option to renew.  He testified further that the City's position in this litigation was "[a]bsolutely not" motivated by spite.  The City's significant victory on the perpetuity issue in *K.C. Air Cargo I* supports a finding that its defenses were advanced in good faith, and not to vex or annoy KCACS.  *See Incline Vill. Bd. of Trustees v. Edler*, No. SC 97345, 2019 WL 1912218, at *7 (Mo. banc Apr. 30, 2019) (reversing award of attorneys' fees in declaratory judgment action where the party's "defenses were not frivolous or offered out of spite, malice, or with knowledge they had no basis.").  While the City was ultimately unsuccessful in its assertion that the disputed clause was a right of first refusal, "every case has at least one party who does not prevail." *Id*.  "There is no showing the [City] did not think [it was] arguing for a good faith application or extension of existing law." *Id*.  Accordingly, the circuit court did not abuse its discretion, or misapply the law, in finding that special circumstances did not exist warranting the award of KCACS's attorneys' fees.

[7] KCACS does not dispute that the circuit court's finding on this point was beyond the scope of this Court's mandate.

10

judgment in conformity with the appellate court's mandate and accompanying opinion. We review *de novo* whether the trial court followed the mandate.

*Guidry v. Charter Commc'ns, Inc.*, 308 S.W.3d 765, 768 (Mo. App. E.D. 2010) (internal citations omitted) (quoting *Pope v. Ray*, 298 S.W.3d 53, 57 (Mo. App. W.D. 2009)); *see also Smith v. Brown & Williamson Tobacco Corp.,* 410 S.W.3d 623, 633 (Mo. banc 2013) ("On remand, all proceedings of the circuit court must be in accordance with the appellate court's mandate."). Furthermore, "'proceedings in the trial court contrary to the mandate are null and void.'" *Guidry*, 308 S.W.3d at 769 (quoting *Edmison v. Clarke*, 61 S.W.3d 302, 310 (Mo. App. W.D. 2001)).

In *K.C. Air Cargo I*, we remanded the case for the circuit court to (1) "enter judgment stating that any right of renewal by KCACS is for only one additional term," and (2) conduct further proceedings to determine whether special circumstances existed to justify an award of attorneys' fees (and, if so, in what amount). 523 S.W.3d at 13. The portion of the circuit court's judgment upon remand determining that KCACS had successfully exercised its option to renew the lease is beyond the scope of this Court's first opinion and mandate. This part of the judgment is therefore null and void. *Guidry*, 308 S.W.3d at 769. Pursuant to Rule 84.14, the relevant portion of the circuit court's judgment is modified to provide as follows:

> **IT IS FURTHER ORDERED AND ADJUDGED**, as previously adjudged in this case, that Plaintiff has prevailed in establishing that it has a one-time option to renew its Lease Agreement with the City of Kansas City, Missouri, for a 30-year term.

11

### *Conclusion*

The judgment of the circuit court is affirmed as modified.

/s/ *Thomas N. Chapman*

Thomas N. Chapman, Presiding Judge

All concur.