

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| STEPHEN AND CHERYL JACOBY, | ) | No. ED107875 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of St. Charles County |
| vs. | ) | |
| | ) | Honorable Ted House |
| THE HAMPTONS COMMUNITY | ) | |
| ASSOCIATION, INC., ET AL., | ) | |
| | ) | |
| Appellants. | ) | FILED: June 9, 2020 |

### Introduction

The Hamptons Community Association, Inc. ("the HOA") and HOA board members Anne Ritter, Chris Dickhans, and Randy McKinley (collectively "Appellants") appeal from the trial court's declaratory judgment in favor of Stephen and Cheryl Jacoby ("the Jacobys") invalidating the HOA's amended parking restrictions, invalidating fines imposed on the Jacobys, ordering that the Jacobys' vote be counted in an HOA board member election, and awarding attorneys' fees of $9445.35 to the Jacobys. Appellants first argue that the trial court erred in invalidating the amended parking restrictions and corresponding fines because the restrictions were passed by a two-thirds vote as required by the HOA's covenants and restrictions. In their second point on appeal, Appellants contend that the trial court abused its discretion in awarding attorneys' fees to the Jacobys. For the first time on appeal, Appellants argue that amending the subdivision parking restrictions required only a two-thirds vote of property owners, regardless of

whether the amendments created a new burden of ownership on property owners of the Hamptons Subdivision. This argument materially differs from the argument presented to the trial court—that only a two-thirds vote of property owners was required because the amended parking restrictions did not create a new burden of ownership. For that reason, Appellants' argument is not preserved and may not now be presented on appeal. However, the record does not suggest the presence of any special circumstances justified an award of attorneys' fees. Accordingly, we affirm the trial court's judgment as to the declaratory judgment action but reverse the trial court's award of attorneys' fees.

Factual and Procedural History

The Jacobys own a home in the Hamptons Subdivision. After the Jacobys purchased their home, the HOA amended the parking restrictions in the HOA covenants and restrictions by a two-thirds vote of the property owners. The amendments extended restrictions to the parking of personal vehicles on subdivision streets that previously had applied only to commercial vehicles. Pursuant to the amended parking restrictions, the Jacobys were fined $1375.00 for parking their personal vehicles on the subdivision streets. Because the Jacobys refused to pay the fines, the HOA disqualified their vote in the next HOA election to select the HOA board members.

The Jacobys filed a petition for declaratory judgment against Appellants asking the trial court to invalidate the amended parking restrictions. The Jacobys maintained that unanimous consent of the property owners was required for the amended parking restrictions to be valid. The Jacobys also sought attorneys' fees. The Jacobys later amended the petition also to request that the parking fines imposed as a result of the invalid amendment be voided and that their vote be counted in the previously held HOA board member election. Appellants argued to the trial court that because the amended parking restrictions only modified existing burdens of ownership

2

and did not create any new burdens of ownership, only a two-thirds vote of property owners was required to amend the parking restrictions. The Jacobys and Appellants agreed to try the case on stipulated facts.

The trial court found that the amended parking restrictions imposed a new burden of ownership by extending the parking restrictions to personal vehicles, and, therefore, unanimous consent of the subdivision property owners was required. The trial court entered judgment in favor of the Jacobys, invalidated the amended parking restrictions, invalidated the fines imposed on the Jacobys, and ordered that the Jacobys' vote be counted in the HOA board member election. The trial court found special circumstances existed to justify the award of attorneys' fees to the Jacobys in the sum of $9445.35 because there existed a clear body of applicable Missouri law contrary to Appellants' position. The trial court noted that the Jacobys had to spend their own money to fund the litigation whereas the Appellants were able to utilize funds received through HOA dues, and that the Jacobys were fined and subsequently had their vote in the HOA election disqualified. Appellants now appeal.

## Points on Appeal

In Point One, Appellants contend the trial court erred in invalidating the amended parking restrictions and the associated fines. In Point Two, Appellants allege the trial court erred in finding special circumstances that authorized the award of attorneys' fees.

## Discussion

**I.      Rule 84.04[1]–Points Relied On**

Preliminarily, we note that Appellants' points relied on are deficient in that neither point specifies how the trial court erred or why the trial court's error supports reversal as required by

---

[1] All Rule references are to Mo. R. Civ. P. (2019).

3

Rule 84.04(d)(1). In particular, Appellants merely state in both points that the trial court erred in its judgment. Point One reads:

> The trial court committed error in invalidating Amendment 4 to the covenant and restrictions, the fines for violation of the amendment and the reinstatement of the election vote[.]

Similarly, Point Two reads:

> The trial court committed error in finding special circumstances that authorized the award of respondents attorney's fees.

Neither point relied on identifies the legal basis or reasoning for reversal nor the standard under which we should conduct our review. See Rule 84.04(d)(1). Nevertheless, we have discretion to review non-compliant points relied on when the arguments are readily ascertainable. Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017) (internal citation omitted). Because we understand Appellants' arguments as elaborated in the argument portions of their brief, we exercise our discretion to proceed in our review. See id.

**II.      Point One─Validity of the Amended Parking Restrictions**

In Point One, Appellants challenge the trial court's judgment finding that the HOA's amendments to the parking restrictions are invalid.

Subsequent to the trial court's judgment in this case and Appellants filing their notice of appeal but prior to the filing of their brief, the Supreme Court of Missouri addressed HOA voting procedures in Trs. of Clayton Terrace Subdivision v. 6 Clayton Terrace, LLC, 585 S.W.3d 269 (Mo. banc 2019). Particularly relevant to this appeal, Clayton Terrace clarified that an HOA could validly amend subdivision restrictions without unanimous consent of the property owners in a broader range of circumstances than suggested by some judicial authorities. The Supreme Court noted that prior appellate opinions had misinterpreted and misapplied the Supreme Court's holding in Van Deusen v. Ruth, 125 S.W.2d 1 (Mo. 1938) when requiring unanimous consent.

4

Id. at 279–82. Understandably, Appellants now offer Clayton Terrace to maintain that the trial court erred when it invalidated the amended parking restrictions for lack of a unanimous approval because only a two-thirds approval vote was required to impose the amended parking restrictions ***even if the amendments created a new burden of ownership on the property owners***. Unfortunately for Appellants, their current argument is both different from and substantially broader than what Appellants presented to the trial court—that the amended parking restrictions did not create a new burden of ownership.

"It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question." Brown v. Brown, 423 S.W.3d 784, 787 (Mo. banc 2014) (per curiam) (internal quotation omitted). "We will not consider arguments not raised below and made for the first time on appeal." Osage Mobile Home Park, LLC v. Jones, 571 S.W.3d 623, 624 (Mo. App. W.D. 2019) (internal quotation omitted). The foundation of this principle rests upon our firmly held position that "we will not convict a trial court of error for an issue not presented for its determination." Dotson v. Dillard's, Inc., 472 S.W.3d 599, 603 n.2 (Mo. App. W.D. 2015) (internal quotation omitted). Accordingly, issues not presented to the trial court are waived for the purposes of appellate review.[2] See State v. Fassero, 256 S.W.3d 109, 117 (Mo. banc 2008) (internal citation omitted).

The record clearly shows that Appellants raise a new argument on appeal that simply was not presented to the trial court. We recognize that the holding in Clayton Terrace relates to the core issues of this case. And while it is reasonable and understandable that Appellants want to

---

[2] The primary exception to this general rule of waiver is jurisdiction. See AMG Franchises, Inc. v. Crack Team USA, Inc., 289 S.W.3d 655, 659 (Mo. App. E.D. 2009) ("However, subject matter jurisdiction may be raised at any time during the proceedings, including for the first time on appeal.").

present their new argument in light of the Supreme Court holding in <u>Clayton Terrace</u>, we find no cases allowing an exception to the overarching rule of waiver based upon the facts before us. Indeed, Appellants could have made the argument they now present on appeal to the trial court, as did the litigants in <u>Clayton Terrace</u>. But Appellants chose not to do so.[3] Because Appellants did not present their argument in Point One to the trial court, it was not preserved for our review and is therefore waived. <u>See</u> <u>Fassero</u>, 256 S.W.3d at 117; <u>Brown</u>, 423 S.W.3d at 787. Point One is denied.

### III. Point Two—Attorneys' Fees

In Point Two, Appellants contend the trial court erred in awarding attorneys' fees.

We review awards of attorneys' fees for whether the trial court abused its discretion. <u>Ellis v. Hehner</u>, 448 S.W.3d 320, 326 (Mo. App. E.D. 2014). The trial court abuses its discretion when its decision is "against the logic of the circumstances and so arbitrary or unreasonable as to shock one's sense of justice." <u>Cupit v. Dry Basement, Inc.</u>, 592 S.W.3d 417, 425 (Mo. App. W.D. 2020) (quoting <u>Berry v. Volkswagen Grp. of Am., Inc.</u>, 397 S.W.3d 425, 431 (Mo. banc 2013)).

Missouri courts, with few exceptions, apply the American Rule that each party must pay its own attorneys' fees. <u>Incline Vill. Bd. of Trs. v. Edler</u>, 592 S.W.3d 334, 341 (Mo. banc 2019) (internal citation omitted). Section 527.100[4] authorizes an award of costs in declaratory judgment actions as may be "equitable and just." Courts have interpreted costs to include

---

[3] Given Appellants' waiver, we do not address the substance of Appellants' argument and whether <u>Clayton Terrace</u> provides them the lifeline they now seek on appeal. However, as stated above, the Supreme Court addressed what it characterized as the appellate courts' unduly narrow application of <u>Van Duesen</u>, and held that when a contract unambiguously permits amendment or alteration, there is nothing to construe; the contract may be altered or amended. <u>Clayton Terrace</u>, 585 S.W.3d at 282. The <u>Clayton Terrace</u> Court applied fundamental principles of contract construction when interpreting the subdivision's restrictive covenants in concluding that, under the language used in said covenants, the covenants could be amended or extended without the unanimous consent of the property owners. <u>Id.</u>

[4] All Section references are to RSMo (2016), unless otherwise indicated.

attorneys' fees.  KC Air Cargo Servs., Inc. v. City of Kan. City, 581 S.W.3d 685, 691 (Mo. App. W.D. 2019).  However, such attorneys' fees may be awarded only if the case involves special circumstances, which are rare and confined to limited factual situations.  Id. (internal citations omitted).  "Special circumstances contemplates something more than advocating a position a court finds wrong."  Incline Vill. Bd. of Trs., 592 S.W.3d at 343 (internal quotation marks omitted).  Special circumstances may be present where a party's position is frivolous or offered out of spite, malice, or with the knowledge that the position has no sound basis.  See id. at 342.

The trial court's justifications for awarding attorneys' fees do not meet the requirements of special circumstances.  See KC Air Cargo Servs., Inc., 581 S.W.3d at 691.  The trial court first reasoned that there existed a clear body of law contrary to the Appellants' position.  It is well established that advocating a position the trial court found to be wrong does not constitute special circumstances.  Incline Vill. Bd. of Trs., 592 S.W.3d at 343.  Indeed, the Supreme Court holding in Clayton Terrace lends support to the Appellants' posture in advocating a vote of 2/3 of the subdivision property owners was binding on the Jacobys.  The trial court's second reason for awarding fees related to alleged disparities in the resources between the parties.  We note that neither the stipulated facts nor the record before us evidences such disparities.  Lastly, the trial court found that, in addition to amending the parking restrictions, Appellants also fined the Jacobys and then disqualified their vote in the HOA board member election due to the unpaid fines.  Again, it is clear from the record that the fines and vote disqualification were natural consequences of the Appellants' contention that the amended parking restrictions were valid. The fact that Appellants advanced and litigated a position the trial court found to be incorrect

simply does not constitute special circumstances.[5]  See id.  Additionally, we note the imposition of fines and the disqualification of the Jacobys' vote were capable of being remedied by voiding the fines and ordering the Jacobys' vote be counted, both of which the trial court ordered separately.

Because there were no special circumstances justifying an award of attorneys' fees, the trial court abused its discretion in awarding attorneys' fees to the Jacobys.  See Ellis, 448 S.W.3d at 326; KC Air Cargo Servs., Inc., 581 S.W.3d at 691.  Accordingly, we reverse the award of attorneys' fees.  Point Two is granted.

Conclusion

The judgment of the trial court is affirmed in part and reversed in part.


KURT S. ODENWALD, Judge

Philip M. Hess, P.J., concurs.
Lisa P. Page, J., concurs.

---

[5] The Jacobys contend that the imposition of fines and subsequent disqualification of their vote were retaliatory because they followed the Jacobys filing their original petition for declaratory judgment.  The chronology alone is insufficient to establish any sort of retaliation.

8